**Michael P. PATTERSON, Appellant,**

v.

**Carole Patterson PERMENTER, Appellee.**

**No. 09 86 074 CV.**

Court of Appeals of Texas, Beaumont.

Nov. 13, 1986.

---

Thomas M. Goff, San Angelo, for appellant.

Gary F. Beauchamp, The Woodlands, for appellee.

## OPINION

DIES, Chief Justice.

On January 16, 1986, the trial court entered an "Order on Motion to Modify in Suit Affecting the Parent-Child Relationship." The father of the child has perfected appeal to this court. We have not been favored by a brief from the mother (appellee-movant).

The order of the trial court contains, inter alia, conflicting recitations. On the one hand, it recites that appellant was properly served but wholly made default. On the other hand, it recites that "[t]he making of a record of testimony was waived by the parties with the consent of the Court." If appellant had not answered or appeared in any way, he could not have waived his right to have the testimony recorded. Appellant filed a timely motion for new trial in which he raised the issue concerning the trial court's failure to have a record made of the evidence taken at the default hearing. The motion for new trial was overruled by operation of law. Appellant has, therefore, filed this appeal.

*TEX.FAM.CODE ANN. sec. 11.14(d)* (Vernon 1986) reads:

"A record shall be made as in civil cases generally unless waived by the parties with the consent of the court."

The trial court had an affirmative duty to see that the court reporter made a record of the evidence. *See Stubbs v. Stubbs,* 685 S.W.2d 643 (Tex.1985). The judgment makes it clear that no such record was made; therefore, we reverse and remand this case to the trial court for a new trial.

Reversed and remanded.