**Richard F. WALKER, Appellant,**

v.

**Verna Jean STEFANIC, Appellee.**

**No. 04–94–00669–CV.**

Court of Appeals of Texas,
San Antonio.

March 8, 1995.

**348**

Warren Alan Wolf, San Antonio, for appellant.

Tod L. Adamson, Asst. Atty. Gen., Child Support Div., Austin, for appellee.

Before LOPEZ, HARDBERGER and DUNCAN, JJ.

## OPINION

LOPEZ, Justice.

On petition for writ of error, Richard Walker seeks reversal and remand for new trial solely on the issue of retroactive child support. Because the electronic statement of facts from the hearing was routinely destroyed prior to his filing this appeal, we reverse and remand for a new trial on the issue of retroactive child support.

The Attorney General filed a petition to establish parent-child relationship on behalf of Verna Jean Stefanic and her seventeen-year-old son. Paragraph 8 of the petition specifically sought an award of retroactive or lump sum child support. Personal service of the petition and order setting the hearing was afforded appellant, but he failed to appear. The court entered judgment by default and issued a detailed order which, among other things, requires him to pay $21,000 in retroactive child support.

Three months later, Walker was served with a show cause order regarding non-payment of child support in accordance with the default judgment. In response, he timely filed a petition for writ of error. He alleges as a meritorious defense that the judgment does not take into account the child support he has paid in the past. Further, he alleges appellee misled him to believe it was unnecessary to appear and answer the petition, that appellant failed to file a certificate of last known address and thus he did not receive timely notice of the default judgment. He learned of the retroactive child support order when he was served with an order to show cause three months later. By this time the electronically-recorded statement of facts had been routinely erased.

■ In an appeal by writ of error, a party must show that (1) the petition was brought within six months after the judgment was signed; (2) appellant was a party to the suit; (3) the petitioning appellant did not participate in the trial; and (4) the error complained of is apparent from the face of the record. TEX.CIV.PRAC. & REM.CODE ANN. §§ 51.012, 51.013 (Vernon 1986); *DSC Finance Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex.1991); *Brown v. McLennan County*

*Children's Protective Servs.*, 627 S.W.2d 390, 392 (Tex.1982). It is undisputed that Walker satisfies the first three elements. The issue before us is whether error is apparent from the face of the record.

■ In his first point of error Walker argues that the absence of the statement of facts in an unliquidated claim requires a reversal. *See Siddiqui v. West Bellfort Property Owners Ass'n*, 819 S.W.2d 657, 659 (Tex. App.—El Paso 1991, no writ). We agree. Section 11.14 of the Texas Family Code requires that "a record shall be made as in civil cases generally unless waived by the parties with the consent of the court." Tex.Fam. Code § 11.14(d) (Vernon 1986). The trial judge is ultimately responsible to see that a record is made of the proceedings, including all testimony. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex.1985). The failure to make a record of proceedings involving custody of a minor child constitutes error on the face of the record. *See id.*

■ The problem in this case is not a failure to record, however, it is a failure to preserve. An official court reporter is required to preserve notes of a proceeding for three years. *See* Tex.Gov't Code § 52.046(a)(4) (Vernon 1988). Where the proceedings are recorded by electronic tape recording, the court recorder has a duty to "assure its preservation as required by law." *See* Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording, rule 2(e), Misc. Docket No. 90-0017 (Tex.1990). To comply with section 52.046, the tapes and the recorder's logs should be preserved for at least three years.

We are concerned that this duty to preserve may be routinely ignored in those courts utilizing electronic tape recordings. The record reflects that the family law master, operating under budget constraints, exhausts his tape supply within three months, and therefore, permits the court recorder to erase previously-recorded proceedings at three-month intervals in order to replenish the tape supply. The duty to preserve the record, however, is not diminished by use of an alternative form of recordation. Neither can it be eviscerated by budget constraints.

We strongly recommend that all courts utilizing electronic tape recorders take such steps as are necessary to insure that electronically-recorded statements of facts are preserved for three years, as required by section 52.046 and the Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording.

■ We have previously held that a party who did not attend the hearing has not waived his right to a statement of facts. *See, e.g., Ramirez v. Sanchez*, 871 S.W.2d 534, 535-36 (Tex.App.—San Antonio 1994, no writ); *see also Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312, 315 (Tex.App.—Dallas 1975. writ ref'd n.r.e.). Appellees argue that the failure to preserve a statement of facts in this case is waived because appellant failed to make a timely *written* request for a statement of facts pursuant to Rule 50(e) of the Rules of Appellate Procedure. *See* Tex.R.App.P. 50(e); *Darley v. Texas Uvatan, Inc.*, 754 S.W.2d 304, 307 (Tex.App.—Dallas 1988, no writ) (requiring written request to the official court reporter prior to deadline for perfection of appeal). There is no written request pursuant to Rule 53(a) in the record. Tex.R.App.P. 53(a). The transcript contains an affidavit from the trial judge, however, which acknowledges that a request was received. As it appears the recording was destroyed before appellant learned the terms of the default judgment, the written requirement becomes a futile exercise in this case. Appellees concede appellant acted with due diligence to obtain a full record once he was served with a copy of the default judgment. We do not find waiver under these circumstances.

Appellant's first point of error is granted. Accordingly, it is unnecessary to reach points of error two through four. The judgment is reversed as to the issue of retroactive child support and remanded to the trial court for an evidentiary hearing. The remainder of the judgment is affirmed.