940 S.W.2d 797 (1997)
G.S.K., Appellant,
v.
T.K.N. and R.D.N., Appellees.
No. 08-97-00005-CV.
Court of Appeals of Texas, El Paso.
February 27, 1997.
*798 Ellen M. House, Midland, for Appellant.
Lilly A. Plummer, Odessa, for Appellees.
Before LARSEN, McCLURE and CHEW, JJ.

OPINION ON MOTION TO REVERSE AND REMAND DUE TO INABILITY TO OBTAIN A STATEMENT OF FACTS
PER CURIAM.
This is an appeal by writ of error in a suit terminating appellant's parental rights. Appellant has moved to reverse and remand based upon his inability to obtain a statement of facts. Finding that appellant is unable to obtain a statement of facts through no fault of his own, and has met the other requirements for appeal by writ of error, we reverse and remand.

FACTS
Appellant GSK was cited by publication in a suit to terminate his parental rights. A decree terminating his rights, and granting adoption of his son by the child's stepfather, was granted on June 17, 1996. The decree states that GSK failed to appear and wholly made default. It also states that a record of testimony was waived with consent of the court. GSK filed a motion for new trial which was overruled by operation of law.[1] He has timely filed an appeal by writ of error in this case, urging error on the face of the record, and requested that the official court reporter of the trial court prepare a statement of facts containing all proceedings in this cause. The court reporter has filed an affidavit which states:
On or about December 3, 1996, in connection with my duties as official court reporter of the County Court at Law No. 2 of Ector County, Texas, I received a request for Statement of Facts in the captioned cause filed by counsel for Respondent, George Scott Kay, in connection with his appeal by writ of error. Pursuant to such request, I immediately searched my records and concluded that I was on duty the date of the final hearing in the captioned cause, but was not requested to attend and transcribe the proceedings. I have made inquiry and am certain that no other court reporter transcribed the proceedings in my stead. Consequently, Respondent George Scott Kay, is unable to obtain a Statement of Facts in his appeal by writ of error.

NECESSITY OF STATEMENT OF FACTS
GSK urges that he has met the requirements for appeal by writ of error, that the Texas Family Code placed a duty upon the trial court to insure that a record was made in this case, that the trial court failed to insure such a record was made, and that the absence of a record mandates reversal for new trial here. We agree.
The requisites for appeal by writ of error are: (1) a petition brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error present on the face of the record. TEX.R.APP.P. 45; Girdley v. Southwestern Bell Yellow Pages, Inc., 869 S.W.2d 409, 411 (Tex.App.El Paso 1993, writ denied). Appellees do not dispute that GSK's petition was brought within six months and that he is a party to the suit. They urge, instead, that: (1) filing a motion for new trial constitutes participation in the trial of the cause; and (2) that the language of TEX.FAM. CODE ANN. § 105.003(c) stating a record may be only waived with consent of "the parties" means only all parties present at the time of the hearing in the courtroom. Appellees cite no authority for either proposition, and we have found none.
*799 To the contrary, filing a motion for new trial has been specifically held not to constitute participation in the trial of the cause. Stubbs v. Stubbs, 685 S.W.2d 643, 644 (Tex. 1985); Lawyers Lloyds of Texas v. Webb, 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941). Likewise, the Texas Supreme Court has found that in a suit affecting the parent-child relationship, failure to provide a statement of facts in violation of the provision of the Family Code constitutes error on the face of the record requiring reversal. Stubbs, 685 S.W.2d at 646; Rogers v. Rogers, 561 S.W.2d 172, 173 (Tex.1978). TEX.FAM.CODE ANN. § 105.003(c)(Vernon 1996) requires that "a record shall be made as in civil cases generally unless waived by the parties with the consent of the court." Rogers teaches that this provision places an affirmative duty on the court to make a record of the proceedings. We find no suggestion that this duty may be waived upon consent of only those parties present in the courtroom at the time of hearing, and indeed such an interpretation would subvert the purposes of requiring a record.
We therefore conclude that GSK has met his burden of showing error on the face of the record by demonstrating that he has been deprived of a record, through no fault of his own, in abrogation of an affirmative duty placed upon the trial court by the Family Code. Stubbs, 685 S.W.2d at 646; Rogers, 561 S.W.2d at 173. We also believe that no purpose would be served by requiring further briefing of this appeal. See Kothman v. Miller Seed Company of Hereford, Inc., 593 S.W.2d 776, 777 (Tex.Civ.App.Waco 1979, writ ref'd n.r.e.).

CONCLUSION
Appellant GSK's motion to reverse and remand due to inability to obtain a statement of facts is granted. The case is hereby remanded for new trial. Appellant's motion for extension of time to file his brief is denied as moot.
NOTES
[1] GSK's motion for new trial states he first learned of this suit after his ex-wife sent a letter to his grandmother telling her of the adoption and warning her not to attempt contact or visitation with the child. The attorney ad litem for the child joined in the motion for new trial.