**In the Interest of F.M. VEGA, R. Vega, J. Vega, Jr. and M.E. Vega, Minor Children.**

No. 07–98–0410–CV.

Court of Appeals of Texas, Amarillo.

Dec. 10, 1999.

Jerry Vega, Dalhart, pro se.

John Cornyn, Atty. Gen., Howard G. Baldwin, Deputy Atty. Gen. for Child Support, Rhonda Amkraut Pressley, Asst. Atty. Gen., Austin, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

DON H. REAVIS, Justice.

Appellant Jerry Vega, an inmate acting pro se, challenges an order of the trial court establishing that he is the biological father of four minor children in an action brought by the Attorney General. By four points of error he contends (1) the trial court erred in failing to provide a reporter's record of the final hearing; (2) the trial court was without jurisdiction to hear the matter and thus, the order is void because it was filed without complying with the preliminary provisions of chapter 231 of the Texas Family Code; (3) chapter 231 violates public policy to the extent it purports to authorize the Attorney General or the courts of Texas to adjudicate conservatorship, child support obligations, and/or access to or possession of the children of a valid and existing marriage; and (4) the trial court's judgment is invalid and unconstitutional to the extent it adjudicates his rights concerning the conservatorship and possession of his children, as well as support for his children. Based upon the rationale expressed herein, we affirm in part, and reverse and remand in part.

On July 8, 1998, the Attorney General of Texas filed a petition to determine parentage of the four children the subject of this suit. By his pro se written answer, although Vega expressly alleged he did not deny he was the biological father of the children, he did allege he was unable to contribute to the support of the children because of his incarceration. According to his pleading, he was indigent and was only receiving "good time" credit, and not income, in exchange for work. Following a hearing on September 11, 1998, the trial court signed its order dated September 30, 1998, finding Vega to be the biological father of the four minor children, appointing Emilia Casanova and Vega joint managing conservators of the children, ordering child support in the amount of $270.00 per month based on the minimum wage presumption,[1] and ordering retroactive child support in the amount of $9,759.00.

---

1. Section 154.068 of the Texas Family Code Annotated (Vernon 1996) provides that in the absence of evidence of the wage and salary income of a party, the court shall presume that the party has wages or salary equal to the federal minimum wage for a 40-hour work week.

■ Because of the manner in which we dispose of this appeal, we address Vega's points of error in a logical rather than sequential order. By his second point of error, he contends the court's order is void because the court was without jurisdiction to entertain the Attorney General's petition to determine parentage for failing to comply with the preliminary provisions of chapter 231 of the Texas Family Code.[2] We disagree. In order to preserve a complaint for appellate review, the record must show that appellant raised the complaint in the trial court. See Tex. R.App.P. 33.1(a). Because Vega did not contend in the trial court by special exception or verified pleading as required by Rules 90 and 93 of the Texas Rules of Civil Procedure, or otherwise, that the court did not have jurisdiction to entertain the action, or that the Attorney General did not have standing to commence the proceeding, nothing is presented for review. Moreover, the Attorney General has standing to file a child support action pursuant to section 102.007 of the Texas Family Code Annotated (Vernon 1996). Point of error two is overruled.

■ By his third and fourth points, Vega asserts that chapter 231 of the Texas Family Code and the trial court's judgment are unconstitutional and against public policy to the extent they adjudicate his rights regarding conservatorship, possession, and support of his children. However, because Vega did not by his pleading or otherwise raise these constitutional claims in the trial court, they may not be raised for the first time on appeal. See Dreyer v. Greene, 871 S.W.2d 697 698 (Tex.1993). Points of error three and four are overruled.

■ By his first point, Vega contends the trial court erred in failing to provide a reporter's record of the final hearing in the underlying action. We agree. In Stubbs v. Stubbs, 685 S.W.2d 643, 645–46 (Tex.

1985), the Court held that former section 11.14(d), predecessor to section 105.003 of the Texas Family Code Annotated (Vernon 1996), places an affirmative duty on the trial court to insure that the court reporter makes a record of proceedings involving parent-child relationships, and that failure to do so constitutes error on the face of the record requiring reversal. See also Rogers v. Rogers, 561 S.W.2d 172, 173 (Tex. 1978). The Family Code provides that a record of proceedings in suits affecting the parent-child relationship shall be made as in civil cases generally unless waived by the parties with the consent of the court. See § 105.003. The order here contains a recitation that a "record of the proceedings was waived." However, where, as here, a party is not present nor represented by counsel at the hearing, the making of record cannot be waived as to the absent party and a trial court commits error in consenting to the waiver of a record. See O'Connell v. O'Connell, 661 S.W.2d 261, 263 (Tex.App.—Houston [1st Dist.] 1983, no writ); see also G.S.K. v. T.K.N., 940 S.W.2d 797, 799 (Tex.App.—El Paso 1997, no writ); Ramirez v. Sanchez, 871 S.W.2d 534, 535 (Tex.App.—San Antonio 1994, no writ).

Other sister courts have also reversed and remanded for a new trial for failure to make a record of underlying proceedings. See generally Patterson v. Permenter, 721 S.W.2d 479, 480 (Tex.App.—Beaumont 1986, no writ) (holding that a trial court has an affirmative duty to see that a court reporter makes a record of the evidence); Hunter v. Hunter, 666 S.W.2d 335, 336 (Tex.App.—Houston [14th Dist.] 1984, no writ) (holding that language of former section 11.14(d) is mandatory and that a record shall be made unless expressly waived) (emphasis in original). Following the decisions of other appellate courts, we likewise hold the trial court erred in consenting to a waiver of the making of a

---

**2.** Sections 231.401 to 231.429 were redesignated in the Texas Family Code as sections 233.001 to 233.029 by Act of May 21, 1997, 75th Leg., R.S., ch. 911, 1997 Tex.Gen.Laws 2882.

record because Vega was not present nor represented by counsel at the hearing. Point of error one is sustained.

■ Accordingly, because Vega did not contest in the trial court nor on appeal that he was the biological father of the children, we affirm that portion of the judgment finding Jerry Vega to be the biological father of F.M. Vega, R. Vega, J. Vega, Jr., and M.E. Vega, minor children. However, we reverse that portion of the judgment regarding conservatorship, possession, and child support, and remand the cause for a new trial consistent with this opinion.