TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-05-00501-CV




Alice Megawati Pringadi, Appellant

v.

Richard Heffern, Appellee




FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
NO. 2004-1622, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N


                        Alice Megawati Pringadi brings a restricted appeal challenging the portion of a 
default divorce decree that names Richard Heffern as the joint managing conservator of their child
A.P.H., grants him the exclusive right to designate the primary residence of the child, and orders
Pringadi to pay child support. Specifically, she contends that the district court erred by failing to
make a record of the hearing in which the court made these determinations. See Tex. Fam. Code
Ann. § 105.003(c) (West 2002). In reply, Heffern does not argue that Pringadi has failed to meet the
technical requirements of a restricted appeal, and the record indicates that a restricted appeal is
appropriate in this case. See Tex. R. App. P. 30; Gold v. Gold, 145 S.W.3d 212, 213 (Tex. 2004);
Stubbs v. Stubbs, 685 S.W.2d 643, 644 (Tex.1985). Rather, Heffern asserts that (1) Pringadi is
estopped from challenging the divorce decree because she accepted the benefits of the decree through
her exercise of possession of A.P.H, or, in the alternative, (2) any error in failing to make a record
of the hearing was harmless because the parents were named joint managing conservators. 
                        First, we conclude that Pringadi’s exercise of her right to possession of A.P.H.
pursuant to the terms of the divorce decree was not an acceptance of the benefits of the divorce
decree. The divorce decree’s possession order does not afford Pringadi a benefit, but rather it limits
her rights with regard to her child. See Hawkins v. Hawkins, 999 S.W.2d 171, 178 (Tex.
App.—Austin 1999, no pet.) (no acceptance of benefit of divorce decree through acquiescence to
child-support order). Second, the family code’s requirement of a record in a suit affecting the parent-child relationship is mandatory and is not subject to harmless error review. See Stubbs, 685 S.W.2d
at 644; Rogers v. Rogers, 561 S.W.2d 173,173-74 (Tex. 1978); In re Vega, 10 S.W.3d 720, 722
(Tex. App.—Amarillo 1999, no pet.); G.S.K. v. T.K.N., 940 S.W.2d 797, 799 (Tex. App.—El Paso
1997, no writ).
                        Because Pringadi (1) brought her appeal within six months of the judgment, (2) was
a party to the underlying suit, (3) did not participate in the hearing on the divorce decree, and (4) has
demonstrated reversible error in the trial court’s failure to record the hearing, we reverse the district
court’s judgment and remand for a new trial on the parent-child issues of conservatorship,
possession, and support.


 See Stubbs, 685 S.W.2d at 644-45.

 
                                                                                                                                                            
                                                                        Bea Ann Smith, Justice
Before Justices B. A. Smith, Patterson and Puryear
Affirmed in Part; Reversed and Remanded in Part
Filed: November 3, 2005