# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00501-CV

**Alice Megawati Pringadi, Appellant**

**v.**

**Richard Heffern, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT NO. 2004-1622, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Alice Megawati Pringadi brings a restricted appeal challenging the portion of a default divorce decree that names Richard Heffern as the joint managing conservator of their child A.P.H., grants him the exclusive right to designate the primary residence of the child, and orders Pringadi to pay child support. Specifically, she contends that the district court erred by failing to make a record of the hearing in which the court made these determinations. *See* Tex. Fam. Code Ann. § 105.003(c) (West 2002). In reply, Heffern does not argue that Pringadi has failed to meet the technical requirements of a restricted appeal, and the record indicates that a restricted appeal is appropriate in this case. *See* Tex. R. App. P. 30; *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004); *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985). Rather, Heffern asserts that (1) Pringadi is estopped from challenging the divorce decree because she accepted the benefits of the decree through her exercise of possession of A.P.H, or, in the alternative, (2) any error in failing to make a record of the hearing was harmless because the parents were named joint managing conservators.

First, we conclude that Pringadi's exercise of her right to possession of A.P.H. pursuant to the terms of the divorce decree was not an acceptance of the benefits of the divorce decree. The divorce decree's possession order does not afford Pringadi a *benefit*, but rather it limits her rights with regard to her child. *See Hawkins v. Hawkins*, 999 S.W.2d 171, 178 (Tex. App.—Austin 1999, no pet.) (no acceptance of benefit of divorce decree through acquiescence to child-support order). Second, the family code's requirement of a record in a suit affecting the parent-child relationship is mandatory and is not subject to harmless error review. *See Stubbs*, 685 S.W.2d at 644; *Rogers v. Rogers*, 561 S.W.2d 173,173-74 (Tex. 1978); *In re Vega*, 10 S.W.3d 720, 722 (Tex. App.—Amarillo 1999, no pet.); *G.S.K. v. T.K.N.*, 940 S.W.2d 797, 799 (Tex. App.—El Paso 1997, no writ).

Because Pringadi (1) brought her appeal within six months of the judgment, (2) was a party to the underlying suit, (3) did not participate in the hearing on the divorce decree, and (4) has demonstrated reversible error in the trial court's failure to record the hearing, we reverse the district court's judgment and remand for a new trial on the parent-child issues of conservatorship, possession, and support.[1] *See Stubbs*, 685 S.W.2d at 644-45.

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed in Part; Reversed and Remanded in Part

Filed: November 3, 2005

---

[1] Pringadi has not challenged the granting of divorce or the division of property, so those portions of the divorce decree are affirmed and will not be the subject of the hearing on remand.