IN RE CHARLES MARK BERRY, JR. 



NO. 07-07-0323-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D


 

AUGUST 10, 2007


______________________________


 

IN RE CHARLES MARK BERRY, JR., CO-INDEPENDENT


EXECUTOR, IN THE ESTATE OF CHARLES MARK BERRY, SR., DECEASED


_______________________________




Before QUINN, C.J,, and CAMPBELL and PIRTLE, JJ.

ON PETITION FOR WRIT OF MANDAMUS


 Relator Charles Mark Berry, Jr., acting as co-independent executor of the estate of
Charles Mark Berry, Sr., seeks a writ of mandamus and prohibition to "vacate" the probate
trial court's scheduled hearing on an application to remove relator as an independent
executor. Relator contemporaneously filed a motion for emergency relief seeking a stay
of the hearing until the conclusion of this proceeding. 

 The real parties in interest, who also are co-independent executors of the estate,
responded with a letter stating the scheduled hearing had been vacated and the trial court
would not act on the application until resolution of a related pending appeal. Although no
order vacating the setting has been provided, the trial court has confirmed the hearing has
been "removed from its docket." The controversy presented through relator's petition
therefore has been rendered moot. Accordingly, we have denied relator's request for
emergency relief and now dismiss his petition for writ of mandamus and prohibition for
want of jurisdiction. Tex. R. App. P. 42.3(a); State Bar of Texas v. Gomez, 891 S.W.2d
243, 245 (Tex. 1994) (courts have no jurisdiction over moot controversy).


 Per Curiam



e="font-size: 12pt">Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          In this restricted appeal, appellant J.S.J. appeals a default judgment adjudicating
paternity of a child, Z.A.S. Appellee Office of the Attorney General of Texas confesses
error through a joint motion of the parties requesting reversal and remand. Based on our
finding of reversible error on the face of the record, the judgment will be reversed and
remanded for further proceedings.
Background
          The Attorney General sued to establish J.S.J. as biological father of Z.A.S. and set
child support. J.S.J. was served with process and filed a pro se general denial. The trial
court set the matter for final hearing. The clerk’s record contains an “Order Establishing
the Parent-Child Relationship,” signed October 29, 2008. According to findings in the
order, J.S.J., “although duly notified, did not appear,” and “[a] record of the proceedings
was waived by the parties with the consent of the court.” The order adjudged J.S.J. the
biological father of Z.A.S., appointed him a possessory conservator of the child, and
ordered J.S.J. make current and retroactive child support payments. J.S.J. filed no post-trial motions and the record contains no action by him in the case until he filed a notice of
restricted appeal within six months of the trial court’s order. 
          The Attorney General did not file an appellate brief. Instead, on August 13, 2009,
the parties filed a document entitled “Joint Motion for Reversal and Remand and for
Immediate Issuance of Mandate.” The motion bears the signatures of an assistant
attorney general and counsel for J.S.J. The motion states J.S.J. was not present in person
or by counsel for the hearing of the Attorney General’s suit, and by consenting to waiver
of a record in J.S.J.’s absence the trial court erred.
Analysis
          J.S.J. presents three issues on appeal. We find his first issue dispositive. Through
it he challenges the trial court’s proceeding to judgment in default without a proper waiver
of a reporter’s record. 
          A restricted appeal must be brought within six months of the date the trial court
signs the judgment, by a party to the suit, who did not participate in the actual trial, and the
error complained of must be apparent from the face of the record. Tex. R. App. P. 26.1(c);
Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997) (per
curiam) (discussing former writ of error procedure). Of the grounds necessary for a
restricted appeal, the sole question in the present matter is whether error appears on the
face of the record. For purposes of restricted appeal, the face of the record consists of all
papers on file in the appeal. Id. 
          From the judgment of the trial court and the allegations of the joint motion, the trial
court tried the Attorney General’s petition in the absence of J.S.J. without making a
reporter’s record. Family Code Section 105.003 requires a record of the proceeding unless
waived by the parties with the consent of the court. Tex. Fam. Code Ann. § 105.003(c)
(Vernon 2008).
          In Stubbs v. Stubbs, the court held that the statutory predecessor of section 105.003
placed an affirmative duty on the trial court to ensure that the court reporter makes a
record of proceedings involving parent-child relationships, and failure to do so constitutes
error on the face of the record requiring reversal. 685 S.W.2d 643, 645-46 (Tex. 1985);
In re Vega, 10 S.W.3d 720, 722 (Tex.App.–Amarillo 1999, no pet.). Section 105.003(c)
places the same duty on the trial court. See In re D.J.M., 114 S.W.3d 637, 639
(Tex.App.–Fort Worth 2003, pet. denied).
          The order at bar recites the parties waived a record of the proceedings. J.S.J.,
however, was not present in person or by counsel to make a valid waiver. In In re Vega,
when confronted with similar circumstances, we held where a party is neither present nor
represented by counsel at the hearing, making a record cannot be waived as to the absent
party and a trial court commits error in consenting to the waiver of a record. 10 S.W.3d at
722 (citing O'Connell v. O’Connell, 661 S.W.2d 261, 263 (Tex.App.–Houston [1st Dist.]
1983, no writ); G.S.K. v. T.K.N., 940 S.W.2d 797, 799 (Tex.App.–El Paso 1997, no writ)). 
The holding applies here. The trial court’s error is reversible error because, without a
reporter’s record, we cannot determine whether the evidence supporting the trial court’s
judgment was factually or legally sufficient. Tex. R. App. P. 44.1(a)(2). 
          J.S.J.’s prayer for relief also asks that we vacate an administrative writ of
withholding issued by the Attorney General. See Tex. Fam. Code Ann. § 158.501(a)
(Vernon 2008). The record contains no indication J.S.J. presented his request for vacation
of the writ of withholding to the trial court. See Tex. Fam. Code Ann. § 158.506(a)-(c)
(Vernon 2008). His appellate complaint concerning the writ of withholding presents nothing
for our review. See Tex. R. App. P. 33.1 (requiring timely request to trial court as
prerequisite to appellate review). 
          Accordingly, we sustain the first issue of J.S.J. to the extent it seeks reversal of the
trial court’s order. Determination of his remaining issues is unnecessary to our disposition
of the appeal. See Tex. R. App. P. 47.1.
          The parties brought the joint motion according to Rule of Appellate Procedure 42.1
seeking reversal and remand and immediate issuance of mandate. We may not “order a
new trial merely on the agreement of the parties absent reversible error . . . .” Notes and
Comments, Tex. R. App. P. 42.1. Here, however, reversible error appears on the face of
the record. The parties also ask that mandate issue concurrently with our opinion and
judgment. Rule of Appellate Procedure 18.1(c) authorizes the early issuance of mandate
on the motion of the parties. Tex. R. App. P. 18.1(c). We grant the joint motion.
          Rule of Appellate Procedure 39.8 requires the clerk provide the parties a specified
form of notice at least twenty-one days before argument or submission without argument. 
See Tex. R. App. P. 39.8. To expedite a decision, Rule of Appellate Procedure 2
authorizes a court on its own initiative to suspend the operation of a rule in a particular
case. Tex. R. App. P. 2. By the joint motion, the parties seek immediate appellate relief. 
On our own initiative, we have applied Rule 2 and submitted the case without Rule 39.8
notice.
Conclusion
          Having sustained the first issue of J.S.J. with respect to the action of the trial court, 
and granted the parties’ joint motion, we reverse the trial court’s “Order Establishing the
Parent-Child Relationship,” signed October 29, 2008, and remand the case for further
proceedings. Tex. R. App. P. 43.2(d). Mandate shall issue concurrently with this opinion
and our judgment. 

                                                                           James T. Campbell

                                                                                    Justice