NO. 07-07-0098-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 20, 2008
                                       ______________________________

IN THE INTEREST OF K.B.R., A CHILD
_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-508,085; HONORABLE CECIL PURYEAR, JUDGE
                                      _______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          This is a restricted appeal from a post-answer default judgment in a suit modifying
the parent-child relationship between appellant Phillip Scott Robinson and K.B.R., a minor
child of Robinson and appellee Daina Niell. We reverse and remand.
Factual and Procedural Background
          In November 1999, Niell filed a petition in suit affecting the parent-child relationship
against appellant. In May 2000, the parties entered into an agreed order concerning,
among other things, child support and provision of health insurance. In March 2002, Niell
filed another suit against Robinson, moving to reduce unpaid child support to judgment,
seeking enforcement of appellant’s obligations, and requesting attorney’s fees. Robinson
filed a general denial. Niell then filed a supplemental petition, adding a request that
Robinson’s child support obligations be increased.
          Shortly thereafter, Robinson filed a motion for modification of child support and Niell
filed an amended petition. Mediation was conducted in October 2006. The record also
contains an October 2006 order setting a “final hearing on all pending motions” for
November 20, 2006, after which hearing the court signed the judgment from which
Robinson appeals. Among other things, the judgment increased Robinson’s child support
obligations, confirmed certain child support arrears, and awarded attorney’s fees to Niell. 
The judgment recites that Robinson was served with notice of the hearing but failed to
appear.


 
Analysis
          Robinson’s brief raises six points of error challenging the trial court’s judgment.


 By
the first, he contends the trial court erred by failing to ensure a record was made of the
hearing pursuant to Section 105.003 of the Texas Family Code.


 We agree, and find this
issue dispositive of the appeal.



          A restricted appeal is a procedural device available to a party who did not
participate, either in person or through counsel, in a hearing that resulted in a judgment
against the party. Tex. R. App. P. 30. To be eligible for a restricted appeal, the party must
not have timely filed a postjudgment motion, a request for findings of fact and conclusions
of law, or a notice of appeal. Id. In addition, the error complained of must be apparent on
the face of the record. Norman Commc’ns v. Tex. Eastman Co., 955 S.W.2d 269, 270
(Tex. 1997) (defining face of the record as all papers on file in the appeal, including the
statement of facts). Under these circumstances, a party may file a restricted appeal by
filing a notice of appeal within six months of the date the judgment is signed. Tex. R. App.
P. 26.1. The record demonstrates Robinson satisfies the first three elements. The inquiry,
therefore, is whether error is apparent from the face of the record.
          No reporter’s record was made of the November 2006 hearing. In Robinson’s first
point of error, he correctly asserts that Section 105.003 of the Family Code requires a
record of the proceeding be made unless waived by the parties with the consent of the
court. Tex. Fam. Code Ann. § 105.003(c) (Vernon 2002). 
 
          In Stubbs v. Stubbs, 685 S.W.2d 643, 645-46 (Tex. 1985), the court held that the
predecessor provision to section 105.003 of the Family Code places an affirmative duty on
the trial court to ensure that the court reporter makes a record of proceedings involving
parent-child relationships and that failure to do so constitutes error on the face of the
record requiring reversal. Id.; Rogers v. Rogers, 561 S.W.2d 172, 173 (Tex. 1978); In re
Vega, 10 S.W.3d 720, 722 (Tex.App.–Amarillo 1999, no pet.); Walker v. Stefanic, 898
S.W.2d 347, 349 (Tex.App.–San Antonio 1995, no pet.). Section 105.003(c) of the Family
Code places the same duty on the trial court. In re D.J.M., 114 S.W.3d 637, 639
(Tex.App.–Fort Worth 2003, pet. denied). 
          The judgment at bar recites the parties waived a record of the proceedings. 
Robinson, however, was not present to do so. In similar circumstances, we held in In re
Vega, that where a party is neither present nor represented by counsel at the hearing, the
making of the record cannot be waived as to the absent party and a trial court commits
error in consenting to the waiver of a record. In re Vega, 10 S.W.3d at 722, citing O’Connell
v. O’Connell, 661 S.W.2d 261, 263 (Tex.App.–Houston [1st Dist.] 1983, no writ) and G.S.K.
v. T.K.N., 940 S.W.2d 797, 799 (Tex.App.–El Paso 1997, no writ). The holding applies
here. The court’s error is reversible error because, without a reporter’s record, we cannot
determine whether the evidence supporting the trial court’s judgment was factually or
legally sufficient. Tex. R. App. P. 44.1(a)(2). 
 
          Accordingly, we sustain Robinson’s first point of error, reverse the trial court’s
judgment and remand the cause for a new trial.
 
                                                                                      James T. Campbell

                                                                                               Justice