NO. 07-07-0098-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 20, 2008
_____

IN THE INTEREST OF K.B.R., A CHILD
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-508,085; HONORABLE CECIL PURYEAR, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

This is a restricted appeal from a post-answer default judgment in a suit modifying the parent-child relationship between appellant Phillip Scott Robinson and K.B.R., a minor child of Robinson and appellee Daina Niell. We reverse and remand.

Factual and Procedural Background

In November 1999, Niell filed a petition in suit affecting the parent-child relationship against appellant. In May 2000, the parties entered into an agreed order concerning, among other things, child support and provision of health insurance. In March 2002, Niell filed another suit against Robinson, moving to reduce unpaid child support to judgment,

seeking enforcement of appellant's obligations, and requesting attorney's fees. Robinson filed a general denial. Niell then filed a supplemental petition, adding a request that Robinson's child support obligations be increased.

Shortly thereafter, Robinson filed a motion for modification of child support and Niell filed an amended petition. Mediation was conducted in October 2006. The record also contains an October 2006 order setting a "final hearing on all pending motions" for November 20, 2006, after which hearing the court signed the judgment from which Robinson appeals. Among other things, the judgment increased Robinson's child support obligations, confirmed certain child support arrears, and awarded attorney's fees to Niell. The judgment recites that Robinson was served with notice of the hearing but failed to appear.[1]

Analysis

Robinson's brief raises six points of error challenging the trial court's judgment.[2] By the first, he contends the trial court erred by failing to ensure a record was made of the

---

[1] Robinson's brief asserts he never received notice of the hearing. We need not further address this assertion.

[2] Niell has not filed an appellee's brief.

hearing pursuant to Section 105.003 of the Texas Family Code.[3] We agree, and find this issue dispositive of the appeal.[4]

A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a hearing that resulted in a judgment against the party. Tex. R. App. P. 30. To be eligible for a restricted appeal, the party must not have timely filed a postjudgment motion, a request for findings of fact and conclusions of law, or a notice of appeal. *Id.* In addition, the error complained of must be apparent on the face of the record. *Norman Commc'ns v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997) (defining face of the record as all papers on file in the appeal, including the statement of facts). Under these circumstances, a party may file a restricted appeal by filing a notice of appeal within six months of the date the judgment is signed. Tex. R. App. P. 26.1. The record demonstrates Robinson satisfies the first three elements. The inquiry, therefore, is whether error is apparent from the face of the record.

No reporter's record was made of the November 2006 hearing. In Robinson's first point of error, he correctly asserts that Section 105.003 of the Family Code requires a record of the proceeding be made unless waived by the parties with the consent of the court. Tex. Fam. Code Ann. § 105.003(c) (Vernon 2002).

---

[3] Robinson's remaining points of error contend the trial court erred in granting Niell more relief than requested in the pleadings, in granting relief on unliquidated claims without creating a record in support, and in granting a default judgment because there was no legally or factually sufficient evidence to support child support obligations, child support arrearages or Niell's attorney's fees.

[4] Because Robinson's first point is dispositive of his appeal, we do not reach his remaining points of error. Tex. R. App. P. 47.1.

In *Stubbs v. Stubbs,* 685 S.W.2d 643, 645-46 (Tex. 1985), the court held that the predecessor provision to section 105.003 of the Family Code places an affirmative duty on the trial court to ensure that the court reporter makes a record of proceedings involving parent-child relationships and that failure to do so constitutes error on the face of the record requiring reversal. *Id.; Rogers v. Rogers,* 561 S.W.2d 172, 173 (Tex. 1978); *In re Vega,* 10 S.W.3d 720, 722 (Tex.App.–Amarillo 1999, no pet.); *Walker v. Stefanic,* 898 S.W.2d 347, 349 (Tex.App.–San Antonio 1995, no pet.). Section 105.003(c) of the Family Code places the same duty on the trial court. *In re D.J.M.,* 114 S.W.3d 637, 639 (Tex.App.–Fort Worth 2003, pet. denied).

The judgment at bar recites the parties waived a record of the proceedings. Robinson, however, was not present to do so. In similar circumstances, we held in *In re Vega*, that where a party is neither present nor represented by counsel at the hearing, the making of the record cannot be waived as to the absent party and a trial court commits error in consenting to the waiver of a record. *In re Vega,* 10 S.W.3d at 722, *citing O'Connell v. O'Connell,* 661 S.W.2d 261, 263 (Tex.App.–Houston [1st Dist.] 1983, no writ) and *G.S.K. v. T.K.N.,* 940 S.W.2d 797, 799 (Tex.App.–El Paso 1997, no writ). The holding applies here. The court's error is reversible error because, without a reporter's record, we cannot determine whether the evidence supporting the trial court's judgment was factually or legally sufficient. Tex. R. App. P. 44.1(a)(2).

4

Accordingly, we sustain Robinson's first point of error, reverse the trial court's judgment and remand the cause for a new trial.


James T. Campbell
Justice