NO. 07-09-0136-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 20, 2009
_____

IN THE INTEREST OF Z.A.S., A CHILD
_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 17,297; HONORABLE FELIX KLEIN, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

In this restricted appeal, appellant J.S.J. appeals a default judgment adjudicating paternity of a child, Z.A.S. Appellee Office of the Attorney General of Texas confesses error through a joint motion of the parties requesting reversal and remand. Based on our finding of reversible error on the face of the record, the judgment will be reversed and remanded for further proceedings.

Background

The Attorney General sued to establish J.S.J. as biological father of Z.A.S. and set child support. J.S.J. was served with process and filed a *pro se* general denial. The trial

court set the matter for final hearing. The clerk's record contains an "Order Establishing the Parent-Child Relationship," signed October 29, 2008. According to findings in the order, J.S.J., "although duly notified, did not appear," and "[a] record of the proceedings was waived by the parties with the consent of the court." The order adjudged J.S.J. the biological father of Z.A.S., appointed him a possessory conservator of the child, and ordered J.S.J. make current and retroactive child support payments. J.S.J. filed no post-trial motions and the record contains no action by him in the case until he filed a notice of restricted appeal within six months of the trial court's order.

The Attorney General did not file an appellate brief. Instead, on August 13, 2009, the parties filed a document entitled "Joint Motion for Reversal and Remand and for Immediate Issuance of Mandate." The motion bears the signatures of an assistant attorney general and counsel for J.S.J. The motion states J.S.J. was not present in person or by counsel for the hearing of the Attorney General's suit, and by consenting to waiver of a record in J.S.J.'s absence the trial court erred.

Analysis

J.S.J. presents three issues on appeal. We find his first issue dispositive. Through it he challenges the trial court's proceeding to judgment in default without a proper waiver of a reporter's record.

A restricted appeal must be brought within six months of the date the trial court signs the judgment, by a party to the suit, who did not participate in the actual trial, and the error complained of must be apparent from the face of the record. Tex. R. App. P. 26.1(c);

2

*Norman Communications v. Texas Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (discussing former writ of error procedure). Of the grounds necessary for a restricted appeal, the sole question in the present matter is whether error appears on the face of the record. For purposes of restricted appeal, the face of the record consists of all papers on file in the appeal. *Id.*

From the judgment of the trial court and the allegations of the joint motion, the trial court tried the Attorney General's petition in the absence of J.S.J. without making a reporter's record. Family Code Section 105.003 requires a record of the proceeding unless waived by the parties with the consent of the court. Tex. Fam. Code Ann. § 105.003(c) (Vernon 2008).

In *Stubbs v. Stubbs,* the court held that the statutory predecessor of section 105.003 placed an affirmative duty on the trial court to ensure that the court reporter makes a record of proceedings involving parent-child relationships, and failure to do so constitutes error on the face of the record requiring reversal. 685 S.W.2d 643, 645-46 (Tex. 1985); *In re Vega,* 10 S.W.3d 720, 722 (Tex.App.–Amarillo 1999, no pet.). Section 105.003(c) places the same duty on the trial court. *See In re D.J.M.,* 114 S.W.3d 637, 639 (Tex.App.–Fort Worth 2003, pet. denied).

The order at bar recites the parties waived a record of the proceedings. J.S.J., however, was not present in person or by counsel to make a valid waiver. In *In re Vega,* when confronted with similar circumstances, we held where a party is neither present nor represented by counsel at the hearing, making a record cannot be waived as to the absent

party and a trial court commits error in consenting to the waiver of a record. 10 S.W.3d at 722 (*citing O'Connell v. O'Connell,* 661 S.W.2d 261, 263 (Tex.App.–Houston [1st Dist.] 1983, no writ); *G.S.K. v. T.K.N.,* 940 S.W.2d 797, 799 (Tex.App.–El Paso 1997, no writ)). The holding applies here. The trial court's error is reversible error because, without a reporter's record, we cannot determine whether the evidence supporting the trial court's judgment was factually or legally sufficient. Tex. R. App. P. 44.1(a)(2).

J.S.J.'s prayer for relief also asks that we vacate an administrative writ of withholding issued by the Attorney General. *See* Tex. Fam. Code Ann. § 158.501(a) (Vernon 2008). The record contains no indication J.S.J. presented his request for vacation of the writ of withholding to the trial court. *See* Tex. Fam. Code Ann. § 158.506(a)-(c) (Vernon 2008). His appellate complaint concerning the writ of withholding presents nothing for our review. *See* Tex. R. App. P. 33.1 (requiring timely request to trial court as prerequisite to appellate review).

Accordingly, we sustain the first issue of J.S.J. to the extent it seeks reversal of the trial court's order. Determination of his remaining issues is unnecessary to our disposition of the appeal. *See* Tex. R. App. P. 47.1.

The parties brought the joint motion according to Rule of Appellate Procedure 42.1 seeking reversal and remand and immediate issuance of mandate. We may not "order a new trial merely on the agreement of the parties absent reversible error . . . ." Notes and Comments, Tex. R. App. P. 42.1. Here, however, reversible error appears on the face of the record. The parties also ask that mandate issue concurrently with our opinion and

4

judgment. Rule of Appellate Procedure 18.1(c) authorizes the early issuance of mandate on the motion of the parties. Tex. R. App. P. 18.1(c). We grant the joint motion.

Rule of Appellate Procedure 39.8 requires the clerk provide the parties a specified form of notice at least twenty-one days before argument or submission without argument. *See* Tex. R. App. P. 39.8. To expedite a decision, Rule of Appellate Procedure 2 authorizes a court on its own initiative to suspend the operation of a rule in a particular case. Tex. R. App. P. 2. By the joint motion, the parties seek immediate appellate relief. On our own initiative, we have applied Rule 2 and submitted the case without Rule 39.8 notice.

Conclusion

Having sustained the first issue of J.S.J. with respect to the action of the trial court, and granted the parties' joint motion, we reverse the trial court's "Order Establishing the Parent-Child Relationship," signed October 29, 2008, and remand the case for further proceedings. Tex. R. App. P. 43.2(d). Mandate shall issue concurrently with this opinion and our judgment.

James T. Campbell
Justice