# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00455-CV

**Sloan Baker, Appellant**

**v.**

**Christine Baker, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-FM-08-003561, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Sloan Baker brings a restricted appeal challenging the portion of a default divorce decree as it pertains to the parent-child relationship of the parties. *See* Tex. R. App. P. 30. Appellant has not challenged those portions of the decree that determine he is the father of the children the subject of the suit, the dissolution of the marriage, and the division of the marital estate of the parties. Specifically, he contends that the district court erred by failing to make a record of the hearing in which the court made determinations concerning the parent-child relationship. *See* Tex. Fam. Code Ann. § 105.003(c) (West 2008). Appellee Christine Baker did not submit a brief in response.

The family code requires that a record of hearings be made in all suits involving the parent-child relationship unless waived by the parties with the consent of the court. *Id.* The family code's requirement of a record in a suit affecting the parent-child relationship is mandatory and is

not subject to harmless error review. *See, e.g.*, *Stubbs v. Stubbs*, 685 SW2d 643, 645 (Tex. 1985); *Rogers v. Rogers*, 561 S.W.2d 172, 173-74 (Tex. 1978); *In re Vega*, 10 S.W.3d 720, 722-23 (Tex. App.—Amarillo 1999, no pet.); *G.S.K. v. T.K.N.*, 940 S.W.2d 797, 799 (Tex. App.—El Paso 1997, no writ); *Pringadi v. Heffern*, No. 03-05-00501-CV, 2005 Tex. App. LEXIS 9253, at *2-3 (Tex. App.—2005 Austin, no pet.) (mem. op.).

Accordingly, because appellant does not contest that he is the biological father of the children, the dissolution of the marriage, and the division of the marital estate of the parties, we affirm those portions of the divorce decree. However, because appellant (1) brought his appeal within six months of the judgment, (2) was a party to the underlying suit, (3) did not participate in the hearing on the divorce decree, and (4) has demonstrated reversible error in the trial court's failure to record the hearing, we reverse the portion of the district court's decree on the parent-child issues of conservatorship, possession, and support, and remand for a new trial consistent with this opinion. *See Stubbs*, 685 S.W.2d at 645-46.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed in Part; Reversed and Remanded in Part

Filed: May 18, 2010