*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-11-00424-CV

## IN THE INTEREST OF G.J.G., a Child

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CI-15613
Honorable Larry Noll, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: February 15, 2012

REVERSED AND REMANDED

This is a restricted appeal from an order entered in a suit to modify the parent-child relationship in which appellant, Jacqueline Kelly, defaulted. We reverse the trial court's order and remand the cause to the trial court for a new hearing.

A party can prevail in a restricted appeal only if: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d

254, 255 (Tex. 2009). The record demonstrates that Kelly satisfies the first three requirements, and the appellee, Frederick W. Graham, challenges only the fourth requirement.

Section 105.003(c) requires a record to be made in all suits involving the parent-child relationship unless waived by the parties with the consent of the court. TEX. FAM. CODE ANN. § 105.003 (West 2008). Although the order in question recites the parties waived the making of a record, Kelly was not present nor represented by counsel at the hearing; therefore, the making of the record could not be waived as to Kelly, and the trial court erred in consenting to the waiver of the record. *In re K.B.R.*, No. 07-07-0098-CV, 2008 WL 2467375, at *2 (Tex. App.— Amarillo June 20, 2008, no pet.) (mem. op.); *In re Vega*, 10 S.W.3d 720, 722 (Tex. App.— Amarillo 1999, no pet.). The trial court's error is reversible and constitutes error on the face of the record because we cannot evaluate the sufficiency of the evidence to support the trial court's order without a reporter's record. *See Stubbs v. Stubbs*, 685 S.W.2d 643, 646 (Tex. 1985); *Baker v. Baker*, No. 03-09-00455-CV, 2010 WL 2010817, at *1 (Tex. App.—Austin May 18, 2010, no pet.) (mem. op.); *In re K.B.R.*, 2008 WL 2467375, at *2; *In re M.E.P.*, No. 2-05-148-CV, 2006 WL 417096, at *3 (Tex. App.—Fort Worth Feb. 23, 2006, no pet.) (mem. op.). Accordingly, we reverse the trial court's order and remand the cause for a new hearing.

Catherine Stone, Chief Justice