**Opinion issued February 6, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00932-CV

————————————

## IN THE INTEREST OF J.W., A CHILD

---

## On Appeal from the 131st District Court
### Bexar County, Texas[1]
### Trial Court Case No. 2017-CI-23182

---

## MEMORANDUM OPINION

This is a restricted appeal from a no-answer default judgment in a suit affecting the parent-child relationship. Appellee, Saresa Butler, filed a petition seeking joint managing conservatorship of J.W., the minor child made the subject of

---

[1] The Texas Supreme Court transferred this appeal to this Court from the Court of Appeals for the Fourth District of Texas. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases between courts of appeals).

this suit, with appellant, Tanya Wilkes, and an order requiring Wilkes to pay child support. In her sole issue, Wilkes contends that the trial court erred in rendering a default judgment against her without a court reporter present to record the proceedings.

We reverse and remand.

## Background[2]

On December 11, 2017, Butler filed a petition alleging that, although she is "not related to the child," J.W., she had had actual "care, control, and possession" of him for at least six months. She asserted that the "parents of the child are or will be separated" and that the "appointment of the parents as joint managing conservators would not be in the best interest of the child." Butler sought joint managing conservatorship of J.W. with Wilkes and the exclusive right to designate his primary residence. Butler also sought an order requiring Wilkes to pay child support. It is undisputed that Wilkes was properly served with citation and that she did not answer the suit.

After a trial to the court, the trial court signed an Order in Suit Affecting the Parent-Child Relationship ("Order"). In its Order, the trial court recites that, on March 29, 2018, Butler appeared in person, and through her attorney, and that Wilkes, "although duly and properly cited, did not appear and wholly made default."

---

[2]     The record filed in the appeal is limited.

A jury was waived and all questions of fact and law were submitted to the court. The trial court, "after examining the record and the evidence and argument of counsel," appointed Butler and Wilkes as "nonparent joint managing conservator[s]" of J.W., with Butler having the exclusive right to designate his primary residence. And, the trial court found that its order was "in the best interest of the child." The trial court further ordered that Wilkes pay Butler child support of $224.72 per month. The trial court found that Wilkes's monthly net resources totaled $1,123.61, that Butler's net resources were $0.00, and that the support ordered was in accordance with the Texas Family Code. The Order recites: "The record of testimony was duly reported by the court reporter for the 131st Judicial District Court."

On August 17, 2018, Wilkes filed a Notice of Restricted Appeal, asserting that she did not participate in the hearing that resulted in the default judgment against her, that she had attempted to obtain a copy of the transcript, and that she "had discovered from the court reporter that no record was made at the time of the default hearing." The record in the appeal reflects that the court reporter has certified to this Court that no record of the default proceeding was taken.

## Restricted Appeal

In her sole issue, Wilkes argues that the trial court's "granting of a Default Judgment when a court reporter was not present to make a record of the proceedings

3

constitutes error warranting a new trial" because she cannot obtain a statement of facts for appeal.

**A.** *Standard of Review and Legal Principles*

A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. TEX. R. APP. P. 30. It constitutes a direct attack on a default judgment. *Gen. Elec. Co. v. Falcon Ridge Apts., Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991). A party filing a restricted appeal must demonstrate that (1) she appealed within six months after the judgment was rendered; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *see also* TEX. R. APP. P. 26.1(c). The face of the record includes all the papers on file in the appeal, including the clerk's record and any reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

**B.** *Analysis*

The parties do not dispute that Wilkes met the first three elements for a restricted appeal. *See Ins. Co. of State of Pa.*, 297 S.W.3d at 255. They dispute whether she met the fourth element, that is, whether she established an error apparent

on the face of the record. *See id.* Wilkes asserts that such error is present because the trial court's Order states that a reporter's record was taken of the proceedings, when, in fact, the record shows that no record was taken. Butler asserts that Wilkes's failure to answer the suit constitutes an admission of the facts in the petition, that a default judgment may be entered on the pleadings, and that no testimony is required. Thus, no reporter's record is necessary, and there can be no error apparent on the face of the record.

With respect to trial of a suit affecting the parent-child relationship, Texas Family Code section 105.003 provides in pertinent part: "A record shall be made as in civil cases generally unless waived by the parties with the consent of the court." TEX. FAM. CODE § 105.003(c). The San Antonio court of appeals[3] and other courts have held that section 105.003 "places an affirmative duty on the trial court to ensure that the court reporter makes a record of proceedings involving parent-child relationships." *Office of the Atty. Gen. v. Carter*, No. 04-08-00557-CV, 2009 WL 1956378, at *1 (Tex. App.—San Antonio July 8, 2009, pet. denied) (mem. op.) (citing *Stubbs v. Stubbs*, 685 S.W.2d 643, 645–46 (Tex. 1985) (interpreting statutory predecessor to section 105.003)); *see* TEX. FAM. CODE ANN. § 105.003(c); *see also Garza v. Garza*, 217 S.W.3d 538, 556 n.2 (Tex. App.—San Antonio 2006, no pet.); *In re D.J.M.*, 114 S.W.3d 637, 639 (Tex. App.—Fort Worth 2003, pet. denied).

---

[3] This is a transfer case from Bexar County.

In *Stubbs*, the Texas Supreme Court, in examining the statutory predecessor to section 105.003, Family Code section 11.14(d), held that the statute placed an affirmative duty on the trial court to ensure that the court reporter made a record of proceedings involving parent-child relationships and that a failure to do so constituted error on the face of the record requiring reversal. 685 S.W.2d at 645–46; *see also Walker v. Stefanic*, 898 S.W.2d 347, 349 (Tex. App.—San Antonio 1995, no pet.) (noting that section 11.14(d) required that "[a] record shall be made as in civil cases generally unless waived by the parties with the consent of the court" and concluding that "failure to make a record of proceedings involving custody of a minor child constitutes error on the face of the record"); *Ex parte Juarez*, 665 S.W.2d 200, 201 (Tex. App.—San Antonio 1984, orig. proceeding) (holding language of section 11.14(d) "mandatory" and requiring record "whether requested or not"); *see also In re D.J.M.*, 114 S.W.3d at 639 (noting that sections 11.14 and 105.003(c) place same duty on trial court).[4]

---

[4] We note that section 105.003 is titled: "Procedure for Contested Hearing." *See* TEX. FAM. CODE § 105.003. And, a case in which an answer has not been filed is a "noncontested case." 3 McDonald & Carlson Tex. Civ. Prac. § 19:58 (2d. ed. 2019). The Fort Worth court of appeals, in applying section 105.003 in the context of a no-answer default, noted that "the title of [a] section carries no weight, as a heading does not limit or expand the meaning of a statute." *Thompson v. Thompson*, 2014 WL 3865951, at *1 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op.) (quoting *Waffle House v. Williams*, 313 S.W.3d 796, 810 (Tex. 2010)). The *Thompson* court concluded that the term "contested" is "found nowhere in the body of the statute; it is merely part of the caption or title of the statute." *Id.* And, it reversed the trial court for failing to ensure that a reporter's record was taken. *Id.* at *2.

Here, the record reflects that Wilkes requested a copy of the reporter's record and that the court reporter certified to this Court that the default proceeding was not transcribed. It is undisputed that Wilkes, who was not present at trial, did not waive the making of a reporter's record. *See* TEX. FAM. CODE § 105.003(c). A trial court's duty to ensure the making of a record may not be waived upon consent of only those parties present at the time of trial. *G.S.K. v. T.K.N.*, 940 S.W.2d 797, 799 (Tex. App.—El Paso 1997, no pet.). Thus, the failure to ensure the making of a reporter's record constitutes error on the face of the record requiring reversal. *See Stubbs*, 685 S.W.2d at 645–46; *Office of the Atty. Gen.*, 2009 WL 1956378, at *1.

Further, when evidence is offered to support a default judgment, the lack of a reporter's record entitles the defendant to a new trial because she will be unable to obtain a record of the evidence for review by an appellate court. *Thompson v. Thompson*, No. 02-13-00292-CV, 2014 WL 3865951, at *1 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op.). Here, the trial court's Order states that "[t]he record of testimony was duly reported" by the court reporter, and the Order reflects that evidence was presented. *See Stubbs*, 685 S.W.2d at 645 (holding that, in this context, "all oral testimony must be recorded"); *Rogers v. Rogers*, 561 S.W.2d 172, 173–74 (Tex. 1978) (reversing no-answer default judgment in case involving child support because evidence was presented but no reporter's record existed).

Butler asserts that, in a no-answer default, as here, the "defaulting defendant admits all facts properly pled in the plaintiff's petition except for the amount of unliquidated damages." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009). A no-answer default judgment may be rendered on the pleadings without requiring the plaintiff to offer evidence or prove her case. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). Thus, no reporter's record is required and there can be no error in failing to record the hearing. In support of her argument, Butler relies on *Whitaker v. Rose*, 218 S.W.3d 216 (Tex. App.—Houston [14th Dist.] 2007, no pet.). *Whitaker*, however, is a suit for damages arising from an auto collision. *Id.* at 219. Thus, Family Code section 105.003 is inapplicable.

We hold that the absence of a reporter's record, as here, constitutes error on face of record and reversible error, and requires remand for a new trial. *See Stubbs*, 685 S.W.2d at 645–46 (holding absence of recorded statement of facts constituted error on face of record and required reversal for new trial); *Office of the Atty. Gen.*, 2009 WL 1956378, at *1; *see also Rogers*, 561 S.W.2d at 173–74 (reversing no-answer default judgment because no reporter's record existed); *Smith v. Smith*, 544 S.W.2d 121, 122 (Tex. 1976) (holding that appellant "established his right to a retrial of [the] case because of his inability to procure" reporter's record); *Barrera v. Barrera*, No. 04-95-00430-CV, 1996 WL 121225, at *1 (Tex. App.—San Antonio Mar. 20, 1996, no pet.) (mem. op.) (holding that section 105.003(c) requires that

8

record be made in all suits affecting parent-child relationship, unless waived; that making of record "means that all oral testimony must be recorded"; that "pleadings, motions and orders are not the record for purposes of section 105.003(c)"; and, that absence of recorded statement of facts, there, constituted error on face of record and required reversal for new trial).

We sustain Wilkes's sole issue.

## Conclusion

We reverse the trial court's default judgment and remand the case for trial.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.