Johnny Lavell BLANKINSHIP,
Appellant,

v.

Sheryl Combest BLANKINSHIP,
Appellee.

No. 1857.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 18, 1978.

Jimmy Phillips, Jr., Angleton, for appellant.

Martin B. Hardin, Jr., Wommack, Denman & Hardin, Lawrence H. Packard, III, Lake Jackson, for appellee.

COULSON, Justice.

Appellant, Johnny Lavell Blankinship, petitions this court by means of a writ of error to review a judgment granting a divorce to appellee Sheryl Combest Blankinship, providing that appellee be managing conservator of the minor children and, inter alia, granting possession of the couple's home to appellee, with provisions for its disposal upon the happening of certain contingencies. Appellant complains of the disposition made of the parties' home. Appellee has filed a motion to dismiss appellant's writ of error on the ground that appellant participated in the proceedings below, which participation operates to defeat the jurisdiction of this court to review the petition for writ of error. The motion to dismiss is granted and the petition for writ of error is dismissed.

Tex.Rev.Civ.Stat.Ann. art. 2249a specifies that "no party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error." The question to be answered in determining whether writ of error is available to appellant is whether his actions in connection with the divorce proceedings constituted such "participation" as would foreclose writ of error review. The extent of participation in the actual trial that disqualifies an appellant from review by

means of a writ of error appears to be one of degree. *Thacker v. Thacker,* 496 S.W.2d 201 (Tex.Civ.App.—Amarillo 1973, writ dism'd). Such review has. been granted to one who merely filed a motion for new trial with no other participation, *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096 (1941); and to one who merely files an answer and does not further participate, *Petroleum Casualty Co. v. Garrison,* 174 S.W.2d 74 (Tex.Civ.App.—Beaumont 1943, writ ref'd w. o. m.). Writ of error is denied where the appellant participated in the actual trial that led to judgment, *Lawyers Lloyds of Texas v. Webb, supra*; to one who had excepted to the judgment in open court, *Byrnes v. Blair,* 183 S.W.2d 287 (Tex. Civ.App.—El Paso 1944, no writ); and to one who participated in all steps of a summary judgment case except appearance at the hearing on the motion for summary judgment, *Thacker v. Thacker, supra.*

The record in this case reveals that appellant signed a waiver of citation, which indicated that he was entering an appearance for all purposes, and waived the making of a record of testimony. Additionally, appellant indicated his approval of the divorce decree by signing the judgment prior to its entry by the trial court. We believe that appellant "participated" in the proceedings in an extent sufficient to preclude him, under article 2249a, from obtaining review in this court by means of writ of error. Our conclusion is supported further by the opinion of the Supreme Court of Texas in *Lawyers Lloyds of Texas v. Webb, supra,* where that court discussed the purpose of the article 2249a requirements:

> The statute was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment. It was not intended to cut off the right of those who discover that a judgment has been rendered against them after the judgment has been rendered.

Appellant is not in the position of those who "discover that a judgment has been rendered against them after judgment has been rendered." Appellant signed his approval of the judgment prior to an entry and we therefore presume that he read it and had knowledge of its contents prior to its entry.

The *Lawyers Lloyds of Texas* Court also stated:

> There was good reason for making a distinction between those who participate in the hearing in open court, leading up to the rendition of judgment, and those who do not so participate. The statute allows a short period of time for the presentation of an appeal and a longer period for the suing out of a writ of error. Revised Civil Statutes 1925, Arts. 2253 and 2255, Vernon's Ann.Civ.St. arts. 2253, 2255. The legislative purpose was to take away the right of appeal by writ of error from those who should reasonably use the more speedy method of appeal. Those who participate in the trial leading up to the rendition of judgment are familiar with the record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so participate in the actual trial, and are therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record. For example: One who participates in the hearing of the evidence will be familiar with the facts introduced upon the trial and can immediately begin the preparation of his appeal; whereas, one who does not so participate may have to wait until the reporter can prepare a statement of facts before he can properly prepare his appeal for presentation to the appellate court.

Appellant here is in the category of those who "should reasonably use the more speedy method of appeal." He was fully familiar with the findings and conclusions of the decree even prior to its entry by the trial court. Furthermore, he had waived the making of a record of the proceedings and therefore had no occasion to delay his appeal to this court pending preparation of a statement of facts. The record was complete, and appellant had sufficient familiarity with the events from his participation in

the proceedings to enable him to prosecute an immediate appeal if he so desired.

We hold, therefore, that appellant may not avail himself of appeal by a writ of error to this court. Appellee's motion to dismiss the petition for writ of error is granted.