**Ruth Yvonne STUBBS, Appellant,**

v.

**Bernald Ross STUBBS, Appellee.**

**No. 05–83–00541–CV.**

Court of Appeals of Texas,
Dallas.

July 8, 1983.

Rehearing Denied Aug. 5, 1983.

James J. Hartnett, Dallas, for appellant.

David A. Jaynes, David L. Hollenback, A.P.C., Irving, Stephen Shoultz, Charles H. Robertson, Inc., Dallas, for appellee.

Before AKIN, SPARLING and GUILLOT, JJ.

AKIN, Justice.

Appellant, Ruth Yvonne Stubbs, petitions us by writ of error to reverse a judgment granting a divorce to appellee, Bernald Ross Stubbs. Appellee has filed a motion to dismiss the writ of error, contending that appellant may not proceed by writ of error because she participated in the trial below. We disagree. Accordingly, we deny the motion to dismiss.

The district court rendered a decree of divorce on October 1, 1982. The decree recites that Ruth Stubbs waived issuance and service of citation and did not otherwise appear. Mrs. Stubbs timely filed her petition for writ of error on March 24, 1983. The record also reveals a lengthy agreement incident to the divorce signed by the parties on September 30, 1982. By appellant's motion to supplement the record, which we grant in an unpublished order, we have before us appellant's waiver of citation, executed September 27, 1982.

Appellee moves to dismiss the petition, arguing that appellant participated in the trial by signing the agreement which formed the basis for the trial court's divorce decree. In opposition to the motion, appellant asserts that a party does not participate in a trial within the meaning of Tex. Rev.Civ.Stat.Ann. art. 2249a (Vernon Supp.

1982–1983) unless he physically participates in the actual trial of the case. We agree with appellant.

Article 2249a, § 1 provides:

No party who *participates* either in person or by his attorney *in the actual trial of the case* in the trial court shall be entitled to review by the Court of Appeals through means of writ of error. [Emphasis added]

The Supreme Court of Texas construed this article in *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096 (1941) (Per Chief Justice Alexander), stating:

The actual trial of a case, as ordinarily understood by the legal profession, is the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts. The statute was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment. It was not intended to cut off the right of those who discover that a judgment has been rendered against them after the judgment has been rendered, and who participate only to the extent of seeking a new trial.

*Id.* 152 S.W.2d at 1097–98. The supreme court noted that in cases of doubtful construction, this statute should be liberally construed in favor of the right of appeal thereunder. *Id.* 152 S.W.2d at 1098.

Later cases decided under this statute also hold that only actual participation in the trial of the case will bar a party from seeking review by writ of error. In *Specia v. Specia,* 292 S.W.2d 818 (Tex.Civ.App.— San Antonio 1956, writ ref'd n.r.e.), appellant David Specia attended a will contest proceeding but did not participate either in person or by counsel. In holding that Specia could obtain review by writ of error, that court reasoned

David, without question, had complete knowledge of the suit and was present in court during all of the trial. The statute, however, does not bar David if he has

knowledge of the actual trial, but if he "participates" in the trial. Sitting in the court room without plea or pleading is nonparticipation instead of participation. *Id.* at 819. Similarly, in *Collins v. Collins,* 464 S.W.2d 910 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.), the appellants attended the will contest proceeding and were allied with the proponent; however, they were not represented by proponent's counsel or other counsel. That court held that these appellants did not participate in the trial and were not barred from bringing a petition for writ of error.

In *Adams v. Isbell,* 615 S.W.2d 254 (Tex. Civ.App.—Dallas 1981, no writ), appellant's attorney appeared on the day of trial and requested a nonsuit. The trial judge granted the request but warned counsel that appellee's counterclaim would go to trial that day. Appellant's counsel departed and made no further appearance prior to judgment. Citing *Lawyers Lloyds of Texas v. Webb,* we held that since neither appellant nor his counsel were present at the hearing leading to rendition of judgment, appellant could not be denied review by writ of error. *Id.* at 256. *See also Chandler v. Escobar,* 604 S.W.2d 524 (Tex.Civ.App.—El Paso 1980, no writ) (appellant who did not contest summary judgment until two weeks after hearing could not be denied review by writ of error); *Muldoon v. Musgrave,* 545 S.W.2d 539 (Tex.Civ.App.—Fort Worth 1976, no writ) (defendants who filed answers but did not appear at trial on the merits could proceed by writ of error); *Surety Insurance Co. of California v. State,* 514 S.W.2d 454 (Tex.Cr.App.1974) (appellants who filed answer and motions to set aside judgment, but did not appear prior to judgment, did not participate in trial).

By contrast, those parties who join in the trial of a case have been barred from seeking review by writ of error. *See Hylton v. Bullock,* 583 S.W.2d 675 (Tex.Civ.App.— Austin 1979, writ ref'd n.r.e.) (in hearing on respondent's plea to jurisdiction, petitioner made an opening statement, cross-examined respondent's witnesses, called his own witness, testified and made a closing argu-

ment); *Burton v. Home Indemnity Co.*, 531 S.W.2d 665 (Tex.Civ.App.—El Paso 1975, writ ref'd n.r.e.) (plaintiff filed affidavit in response to defendant's motion for summary judgment, had his deposition taken and submitted and otherwise participated in summary judgment hearing).

Recently, two courts of appeals have decided cases similar to the one before us, but each reached a different result. In *Brown v. Brown*, 555 S.W.2d 784, 785 (Tex.Civ.App.—El Paso 1977, no writ), a child custody proceeding, the appellant signed a waiver of citation, an affidavit and an agreed judgment tendered by appellee. She was never informed of the hearing date and did not appear. The court held that she was entitled to an appeal by writ of error because the signing of the waiver of citation and the affidavit did not constitute participation in the trial of the case.

In *Blankinship v. Blankinship*, 572 S.W.2d 807, 808 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ), however, a different result was reached. The appellant in that case attempted to appeal by writ of error a judgment of divorce granted to his wife, challenging the disposition made of the parties' home. Although the appellant signed a waiver of citation and an agreed judgment, he did not participate at trial. Nevertheless, that court granted the appellee's motion to dismiss, holding that the appellant had participated in the trial by signing the waiver of citation and the judgment, thus waiving the making of a record of testimony. Although that court cited *Lawyers Lloyds of Texas v. Webb*, the *Blankinship* court declined to follow it. According to the *Blankinship* court, the appellant was not in the position of one who discovers that a judgment has been rendered against him after rendition because he signed his approval of the judgment prior to entry and thus could be presumed to have knowledge of its contents.

The *Blankinship* court also cited *Thacker v. Thacker*, 496 S.W.2d 201, 203–04 (Tex. Civ.App.—Amarillo 1973, writ dism'd), another case where something less than actual appearance at trial was held to be participa-

tion under article 2249a. In *Thacker*, the appellant participated in the proceedings leading to summary judgment by propounding interrogatories and filing an affidavit to contravene appellee's motion for summary judgment. The appellant neither appeared at the hearing on the motion nor requested a continuance. That court held that appellant had participated in the trial below by doing all preparatory work necessary to controvert the appellee's motion for summary judgment. Although we agree with *Thacker*, it is not authority for the holding of the *Blankinship* court because it concerned a summary judgment where the appellant had fully participated in all proceedings except for his failure to attend the hearing on the motion. In such a situation, different considerations exist. For example, the appellant in *Thacker* apparently chose not to attend the summary judgment hearing although he knew the date of the hearing. We conclude, therefore, that *Blankinship* was wrongly decided.

In this respect, article 2249a expressly declares that only those who participate in the actual trial of the case will be barred from appealing by writ of error. All cases, except *Blankinship* and *Thacker*, construing this article have held that appearance and participation in the trial of a case is necessary before a party will be prohibited from proceeding by writ of error. Although *Blankinship* does cite *Lawyers Loyds of Texas v. Webb*, it ignored an earlier statement in that opinion which we consider controlling, to-wit: "The actual trial of a case, as ordinarily understood by the legal profession, is the hearing in open court, leading up to the rendition of judgment." 152 S.W.2d at 1097. Additionally, the *Blankinship* court failed to heed the language in *Lawyers Lloyds of Texas v. Webb* that article 2249a must be "liberally construed in favor of the right of appeal thereunder." *Id.* at 1098. Thus, because *Blankinship* is contrary to the supreme court's holding and rationale in *Lawyers Lloyds of Texas v. Webb*, we expressly disagree with that holding and decline to follow it.

Accordingly, in adhering to the supreme court's decision in *Lawyers Lloyd of Texas v. Webb,* we hold that the signing of a waiver of citation and of an agreement with respect to property does not preclude Mrs. Stubbs from a review of the judgment by writ of error. Although Mrs. Stubbs apparently knew that proceedings were imminent, the record is undisputed that she neither appeared nor participated in the proceedings at trial when the divorce was granted. Our holding is consistent with the rationale of the supreme court in *Lawyers Lloyds of Texas v. Webb,* that the legislature intended to prohibit a review by writ of error only to those who did participate at trial, and thus could readily avail themselves of a speedier appeal under the rules because of familiarity with the record. *Id.* at 1098. Our holding is also consistent with the policy that an appellate court should, where possible, afford an aggrieved party a review of the trial court's judgment. Accordingly, the motion to dismiss is denied.