Bernald Ross STUBBS, Petitioner,

v.

Ruth Yvonne STUBBS, Respondent.

No. C–3127.

Supreme Court of Texas.

Feb. 27, 1985.

Robertson, Railsback & Shoultz, William V. Dorsaneo, III and Stephen W. Shoultz, Dallas, for petitioner.

James J. Hartnett, Dallas, for respondent.

HILL, Chief Justice.

The question presented for our consideration is whether Ruth Stubbs has met the criteria enabling her to proceed by writ of error review in the court of appeals more than five months after judgment. Ruth Stubbs sought review by writ of error to the court of appeals from the divorce decree granting a divorce to her husband, Dr. Bernald Ross Stubbs. The court of appeals denied a motion by Dr. Stubbs to dismiss the petition for writ of error. 654 S.W.2d 838. In a separate opinion, the court of appeals reversed and remanded those portions of the trial court's judgment adjudicating the property division and child support and it affirmed the judgment in all other respects. 671 S.W.2d 70. We affirm the judgments of the court of appeals.

On September 30, 1982, Bernald and Ruth Stubbs signed an agreement incident to divorce prepared by Bernald's attorney. The agreement provided for the division of marital property and for the conservatorship and support of the Stubbs' minor child. Ruth Stubbs also signed a waiver of citation. She did not waive the making of a statement of facts. The next day, Dr. Stubbs appeared with his attorney before the trial court. No record was made of the trial court proceedings. The trial judge rendered a decree of divorce reciting that the court heard the evidence and argument of counsel in the case and incorporating the parties' agreement. The decree also recites that Ruth Stubbs did not appear in person or by an attorney. Ruth Stubbs petitioned for writ of error review of the court's decision concerning the division of marital property and the payment of child support. She did not raise conservatorship issues.

The four elements necessary for a review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390, 392 (Tex.1982). It is undisputed that Ruth Stubbs timely petitioned for writ of error review and that she was a party to the suit. The issues presented here are whether she participated in the trial and whether error appears on the face of the record. We first consider Ruth Stubbs' participation.

Article 2249a, section 1, Tex.Rev.Civ. Stat.Ann., now rule 360(2), Tex.R.Civ.P., provided:

> No party who *participates* either in person or by his attorney *in the actual trial* of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error.

[Emphasis added.] Dr. Stubbs contends that Ruth Stubbs participated in the trial within the meaning of article 2249a by signing the waiver of citation and the agreement incident to divorce.

We defined "actual trial" in *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941) as ordinarily understood to be the hearing in open court, leading up to the rendition of judgment, on

the questions of law and fact. We noted that article 2249a should be liberally construed in favor of the right to appeal. The courts have recognized that the extent of participation in the actual trial of the case disqualifying a party under article 2249a is a matter of degree. For example, taking part in all steps of summary judgment proceeding except appearance at hearing on the motion for summary judgment, *Norman v. Dallas Cowboys Football Club*, 665 S.W.2d 137 (Tex.App.—Dallas 1983, no writ); *Thacker v. Thacker*, 496 S.W.2d 201 (Tex.Civ.App.—Amarillo 1973, writ dism'd), or confession of judgment by attorney of record, *Lewis v. Beaver*, 588 S.W.2d 685 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.), constitutes participation. Filing an answer, *Phillips Petroleum Co. v. Bivins*, 423 S.W.2d 340 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.), or a motion for new trial, *Lawyers Lloyds*, is not participation.

■ We hold that signing the waiver of citation and the divorce agreement were not sufficient acts of participation to preclude Ruth Stubbs from obtaining writ of error review. We approve the court of appeals' holding in *Blankinship v. Blankinship*, 572 S.W.2d 807 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ), relied upon by Dr. Stubbs. We believe that case is distinguishable, however. Johnny Blankinship, who was denied writ of error review of a divorce judgment against him, not only waived citation; he expressly waived the making of a statement of facts, and he signed the judgment prior to its entry by the trial court.

■ We next consider the fourth element necessary for writ of error review—whether there is error apparent from the face of the record. The papers on file in the case do not contain a statement of facts. The official court reporter was unable to furnish Ruth Stubbs a record of the proceedings at trial. Ruth Stubbs contends that Texas Family Code section 11.14(d) required the court to make a record of the trial proceedings and that in this case the absence from the record of a statement of

facts constitutes error on the face of the record. We agree.

■ Texas Family Code section 11.14(d) requires that a record be made in all suits affecting the parent-child relationship "as in civil cases generally unless waived by the parties with the consent of the court." This case is governed by section 11.14(d) because the court adjudicated not only a property division but also custody of the Stubbs' minor child and child support payments. *See* Texas Family Code §§ 3.55(b), 11.01(5).

■ Section 11.14(d) places a duty on the court to make a record of the proceedings in the same manner as did article 2324, Tex.Rev.Civ.Stat.Ann., before its amendment in 1975. *Rogers v. Rogers*, 561 S.W.2d 172, 173 (Tex.1978). This means that all oral testimony must be recorded. It is the responsibility of the trial judge to see that the court reporter performs this duty. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312, 315 (Tex. Civ.App.—Dallas 1975, writ ref'd). In this case, section 11.14(d) was violated because there was no record made of the testimony adduced at the hearing.

Dr. Stubbs cites *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390 (Tex.1982), as authority for his argument that the waiver of citation and the agreement incident to divorce signed by Ruth Stubbs satisfy the requirement of a complete record under section 11.14(d). We held in *Brown* that the absence of a statement of facts did not violate section 11.14(d) in a termination of parental rights case because the complaining party had voluntarily executed an irrevocable affidavit relinquishing those rights prior to hearing. Section 15.03(d) of the Family Code expressly provided for the irrevocability of affidavits made to State authorized adoption agencies. We found that by enacting section 15.03(d), the legislature intended to make such irrevocable affidavits of relinquishment sufficient evidence on which the trial court could find termination to be in the children's best interests. No

statement of facts was necessary unless it could be demonstrated that the irrevocable affidavit was obtained by fraud, misrepresentation or overreaching.

Our holding in *Brown* does not control here. Unlike the affidavit in *Brown*, the agreement signed by Ruth Stubbs was not irrevocable. On the contrary, section 3.631(a) of the Family Code provides that agreements incident to divorce may be repudiated prior to the rendition of the divorce. We hold that the failure to provide Ruth Stubbs with a statement of facts in violation of section 11.14(d) constitutes error on the face of the record, allowing Ruth Stubbs to appeal by writ of error.

We affirm the judgments of the court of appeals which remanded this cause to the trial court for a new trial on the property division and child support issues.