11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Joe D.
McNeely 

Appellant

Vs.                   No.
11-02-00036-CV B 
Appeal from Harris County

Brenda T. McNeely 

Appellee

 

This is a
restricted appeal from  an AAgreed Final Decree of Divorce.@  The
clerk=s record reveals that Brenda T. McNeely filed
an original petition for divorce on April 25, 2001.  Her husband, Joe D. McNeely, was served with the petition in
Mississippi on May 15, 2001.  The clerk=s record does not contain an answer filed by
Joe.  The trial court entered the agreed
final decree of divorce on July 9, 2001. 
Joe filed a notice of restricted appeal from the decree on January 4,
2002.  He raises five issues on
appeal.  We affirm.

 A restricted appeal is a direct attack on the
judgment of a trial court.  See  TEX.R.APP.P. 30; O=Neal v. O=Neal, 69 S.W.3d 347 (Tex.App. - Eastland 2002, no pet=n). A restricted appeal is an appropriate
remedy where the notice filed within six months of the date of judgment by a
party to the suit who did not participate at trial and the error complained of
must be apparent from the face of the record. 
Norman Communications v. Texas Eastman Company, 955 S.W.2d 269, 270
(Tex.1997).  We find that the Aparticipation@ element is dispositive of the issues in this appeal.

The agreed
final decree of divorce states that the trial court Aconsidered@ the agreement of the parties on June 29, 2001.  The decree reflects that no record of this
proceeding was made by the court reporter. 
The decree states as follows with respect to Joe=s participation: 

Respondent,
Joe D. McNeely, has made a general appearance and has agreed to the terms of
this judgment to the extent permitted by law, as evidenced by his signature
appearing below.

 

 

                                                           *    *   
*








The Court
finds that the parties have entered into a written agreement as contained in
this decree by virtue of having approved this decree as to both form and
substance.  To the extent permitted by
law, the parties stipulate the agreement is enforceable as a contract.  The Court approves the agreement of the
parties as contained in this Final Decree of Divorce.

 

There are signature
spaces at the end of the decree for Brenda and Joe located under a heading
which reads AAPPROVED AND CONSENTED TO AS TO BOTH FORM
& SUBSTANCE.@ 
There is a signature for Joe which appears in his signature space
accompanied by the notation Awith permission of Joe D. McNeely.@  There is also a faint AX@ which appears in Joe=s signature space.  The dated
signature of AJerry Brewer@ appears after Joe=s signature space.  The decree
concludes as follows:

This
document was signed in the presence of:

 

s/Jeremy Brewer                       6/23/01

Witness

 

I, s/Jeremy
Brewer, personally witnessed Joe D. McNeely give permission to s/Jerry
Brewer, to sign his name to this document as acceptance of the agreement
set forth therein.  6/23/01

 

The record
before us indicates that Joe authorized Jerry Brewer to sign Joe=s name to the decree to indicate Joe=s acceptance of its terms.  As the court stated in In re Barber, 982
S.W.2d 364, 366 (Tex.1998), AA signature may legally be made not only by the signer personally, but
by and through someone duly authorized by the signer.@  We,
therefore, determine that Joe agreed to the terms of the decree.  The question pertaining to Joe=s participation is resolved by examining the
holdings in Stubbs v. Stubbs, 685 S.W.2d 643 (Tex.1985), and Blankinship v.
Blankinship, 572 S.W.2d 807 (Tex.Civ.App. - Houston [14th Dist.] 1978, no
writ).  








While Stubbs
and Blankinship are divorce cases involving writ of error appeals, the
notes and comments to Rule 30 provided that restricted appeals replace writ of
error appeals and that A[s]tatutes pertaining to writ of error appeals to the court of appeals
apply equally to restricted appeals.@  The spouses in Stubbs
executed an agreement incident to divorce prepared by the husband=s attorney. 
Stubbs v. Stubbs, supra at 644. 
The wife also executed a waiver of citation.   She did not appear at the trial court proceedings when the trial
court rendered a decree of divorce.  The
wife subsequently pursued an appeal by writ of error.  The court held that the wife=s acts of signing the waiver of citation and agreement incident to
divorce were not sufficient acts of participation to preclude her writ of error
appeal.   Stubbs v. Stubbs, supra at
645.  

The Texas
Supreme Court discussed Blankinship in reaching its holding in Stubbs.  The husband in Blankinship executed a
waiver of citation which indicated that he was entering an appearance for all
purposes and waiving the making of a record of testimony.  Blankinship v. Blankinship, supra at 808.  He also indicated his approval of the
divorce decree by signing it prior to its entry by the trial court.  The court of appeals determined that the
husband had sufficiently participated in the proceedings so as to preclude his
writ of error appeal.  Blankinship v.
Blankinship, supra at 808.  The supreme
court expressly stated its approval of Blankinship in Stubbs.  

The facts
in this appeal are closer to the facts in Blankinship than those in Stubbs.  As was the case in Blankinship, Joe
approved the final decree of divorce prior to its entry by the trial
court.  This act constituted
participation Ain the hearing that resulted in the judgment
complained of@under Stubbs and Blankinship.  See Rule 30.  Joe also waived the making of the record under the terms of the
decree.  While he did not execute a
waiver of citation, Joe was personally served with process making the execution
of a waiver unnecessary.  Joe=s five appellate issues are overruled.

The
judgment of the trial court is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

January 16, 2003

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.