Opinion issued May 17, 2007










 

In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00848-CV






ELIZABETH MARIE CHAKEY, Appellant


V.


ZACHARY R. CHAKEY, JR. AND DAWN A. CHAKEY, Appellees






On Appeal from the 312th District Court

Harris County, Texas

Trial Court Cause No. 2006-10791




 


MEMORANDUM OPINION

 Appellant, Elizabeth Marie Chakey, brings this restricted appeal from a final
order in a suit affecting the parent-child relationship. The district court appointed
appellees, Zachary R. Chakey, Jr. and Dawn A. Chakey, the paternal grandfather and
paternal step-grandmother of the minor child, as joint managing conservators. 
Appellant and Sean Robinson, the child's biological mother and father, were also
appointed joint managing conservators. Appellant signed a waiver of service in
which she requested the district court "not to enter any orders or judgment not signed
by me or without my receiving prior written notice of the date, time, and place of the
proceedings." Although appellant approved the final order as to both form and
substance, she claims she did not receive notice of the final hearing. The appellate
record does not reflect that appellant ever sought to withdraw her approval of the
final order.

 Appellant neither filed a motion for new trial, a regular appeal, or a motion
claiming that she did not receive notice of the district court's final order pursuant to
Texas Rule of Civil Procedure 306a. Instead, appellant timely filed a restricted
appeal pursuant to Texas Rule of Appellate Procedure 30. See Tex. Civ. Prac. &
Rem. Code Ann. § 51.013 (Vernon 1997). Only a party who did not participate at
trial can bring a restricted appeal. Tex. R. App. P. 30. Although appellant was not
present at the actual hearing, she approved the final order as to both form and
substance. We hold that this constitutes participation on appellant's part. See
Texaco, Inc. v. Cent. Power & Light Co., 925 S.W.2d 586, 589 (Tex. 1996) (party
who has taken part in all steps of summary judgment except hearing has participated);
Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985) (approving holding in
Blankinship v. Blankinship, 572 S.W.2d 807, 808 (Tex. Civ. App.--Houston [14th
Dist.] 1978, no writ)) (party who waived citation in divorce proceeding, but signed
decree before trial court signed it, participated). Appellant therefore cannot bring a
restricted appeal.

 We dismiss the appeal for want of jurisdiction. The Clerk of this Court is
directed to issue the mandate immediately. See Tex. R. App. P. 18.6. 



 Sam Nuchia 

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.