Dismissed and Memorandum Opinion filed February 10, 2009













Dismissed and Memorandum Opinion filed February 24, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00280-CV

_______________

 

BEDRIJE HAJDARI SEYMOUR,
Appellant

 

V.

 

FLOYD DAVID SEYMOUR, Appellee

                                                                                                                                               


On Appeal from the 257th District Court

Harris County, Texas

Trial Court Cause No. 2005-73510

                                                                                                                                               


 

M E M O R A N D U M   O P I
N I O N

In this
restricted appeal, appellant Bedrije Hajdari Seymour challenges a final decree of divorce on the
grounds that she did not sign the decree, the waiver of citation is defective,
the motion to reinstate the case was unverified, and appellee Floyd David Seymour was granted relief for which
he did not plead.  Because we conclude that Bedrije
participated in the hearing resulting in the judgment, we lack jurisdiction
over this restricted appeal and therefore dismiss her appeal.

 

I.  Background

Bedrije Hajdari Seymour (ABedrije@) and Floyd David Seymour (AFloyd@) were married in December 2001. 
After separating in 2003, Floyd filed an original petition for divorce in
November 2005.  In his petition, Floyd alleged that their marriage had
become insupportable, no children had been born to or adopted by them during
their marriage, and that no community property (other than personal effects)
had been accumulated during the course of the marriage.  In April 2006, Bedrije filed a waiver of citation, in which she (a) stated
she had received a copy of Floyd=s petition for divorce, read it, and
understood it; (b) entered her appearance in the case for all purposes and
waived the issuance and service of citation; (c) agreed the case could be taken
up and considered without further notice; and (d) waived the making of a record
of testimony.  

On
August 28, 2006, the case was dismissed for want of prosecution by the trial
court.  Notwithstanding the dismissal order, the trial court heard this
case on September 1, 2006.  On September 5, the parties filed an
unverified agreed motion to reinstate the case on the trial court=s docket, which was granted by the
trial court on September 18.  Also on that day, the trial court signed the
final decree of divorce.  The decree, which indicates that the trial court
heard the case on September 1, 2006, provides that Floyd appeared in person and
Bedrije waived her appearance and Aagreed to the terms of this judgment to the
extent permitted by law.@  In the decree, the trial court found, among other
things, that:

$                  
Floyd and Bedrije
had entered into a written agreement Aas
contained in this decree by virtue of having approved this decree as to both
form and substance;@

$                  
there were no children born or adopted during the marriage;
and

$                  
Asignificant
community property@ had been accumulated by Floyd and Bedrije.

 

The trial court awarded
Floyd a truck; a residence located in Houston; foreign real property titled to Bedrije located in Pristina,
Kosovo;[1]
and reimbursement of $20,000 to be paid by Bedrije
for Floyd=s contributions to her separate property.  Bedrije
was awarded a car, a motorcycle, and an apartment home, also located in Pristina, Kosovo.  Floyd signed the divorce decree; Bedrije did not.  On March 19, 2007, Bedrije filed a notice of restricted appeal.

II.  Issues Presented

In four
issues, Bedrije contends she is entitled to a new
trial because her notice of restricted appeal was timely filed, she was a party
to the lawsuit, she did not participate in the hearing resulting in the
judgment, and error is apparent on the face of the record.  In a separate
motion included with her appellate brief, Bedrije
also seeks sanctions for Floyd=s failure to comply with this court=s mediation order.

III.  Analysis

A.       
Standard of Review

 

To
prevail on a restricted appeal, an appellant must demonstrate the following:
(1) the notice of restricted appeal was filed within six months of the date of
the judgment or order; (2) she was a party to the suit; (3) she did not
participate in the hearing that resulted in the judgment complained of and did
not file a timely post‑judgment motion or request for findings of facts
and conclusions of law; and (4) error is apparent from the face of the
record.  See Tex. R. App. P.
30; Alexander v. Lynda=s Boutique, 134 S.W.3d 845, 848 (Tex. 2004).  These
requirements are jurisdictional and cut off a party=s right to seek relief by way of a
restricted appeal if not met.  See Clopton v. Pak, 66 S.W.3d 513, 515 (Tex. App.CFort
Worth 2001, pet. denied).  The parties concede Bedrije
meets the first two elements; thus we focus our analysis on whether Bedrije has established that (a) she did not participate in
the hearing resulting in the judgment and (b) error is apparent on the face of
the record. 

B.       
Bedrije=s Participation

AThe nature and extent of participation
precluding a restricted appeal in any particular case is a matter of degree
because trial courts decide cases in a myriad of procedural settings.@  McKnight v. Trogdon-McKnight, 132 S.W.3d 126, 129 (Tex. App.CHouston
[14th Dist.] 2004, no pet.) (citing Texaco,
Inc. v. Cent. Power & Light Co., 925 S.W.2d 586, 589 (Tex.
1996)).  For example, a party=s statement in a waiver of service
that she entered her appearance for all purposes does not rise to the level of
participation at trial.  Campsey v. Campsey, 111 S.W.3d 767, 771 (Tex. App.CFort Worth 2003, no
pet.) (citing Texaco, Inc., 925
S.W.2d at 590).  Further, a party who waives citation and the making of a
statement of facts and signed the judgment prior to entry has participated
sufficiently to preclude her right to a restricted appeal, although a party who
has signed a waiver of citation and a preliminary divorce agreement has
not.  Compare Blakinship v. Blakinship, 572 S.W.2d 807, 808B09 (Tex. Civ.
App.CHouston
[14th Dist.] 1978, no writ) (waiver of citation and making of record and
signing judgment precludes review by writ of error) with Stubbs v. Stubbs,
685 S.W.2d 643, 645 (Tex. 1985) (signing waiver of citation and agreement
incident to divorce not sufficient participation to preclude review via writ of
error).  The facts of this case fall on the spectrum between those present
in Blankinship, in which this court concluded
that the appellant had participated in the proceedings below and was thus
precluded from seeking relief through a restricted appeal, and the facts
present in Stubbs, in which the Texas Supreme Court concluded that the
appellant had not participated sufficiently to preclude review by restricted
appeal.

 

Here, Bedrije signed a waiver of citation, in which she
explicitly waived the making of a record and entered her appearance for all
purposes.  This waiver alone, however, is not sufficient participation to
preclude her from entitlement to a restricted appeal.  See Campsey, 111 S.W.3d at 771; see also Stubbs, 685
S.W.2d at 645.  As noted above, after this case was dismissed for want of
prosecution, Bedrije and Floyd signed an agreed
motion to reinstate.  Although this motion was unverified, it was signed
by both parties, which is tantamount to a verified motion.  See Tex. R. Civ. P. 154(a); Fed. Lanes, Inc. v. City of Houston, 905
S.W.2d 686, 689 (Tex. App.CHouston
[14th Dist.] 1995, writ denied).  This motion provides
that 

[t]he
parties have substantially agreed to the terms to be included in the Final
Decree of Divorce. . . . [Floyd] appeared in court and a Final Decree of
Divorce was proven up on September 1, 2006. . . .  BOTH [Floyd] and [Bedrije] request that the [trial court] enter [the order]
reinstating the divorce action, reissue its findings previously issued at [the]
hearing on September 1, 2006, and [] finalize the Decree of Divorce as proven
up on September 1, 2006.

This motion was filed on
September 5, 2006, after the hearing on this case was held.[2] 

We
conclude that the Anature and extent@ of Bedrije=s participation in the divorce
proceedings are more similar to those present in Blankinship
than those in Stubbs.  Although Bedrije
did not sign the divorce decree, she signed an agreed motion to reinstate in
which she requested that the trial court finalize the Adivorce decree@ proven up at the September 1, 2006
hearing.  The divorce decree indicates that the trial court heard the case
on September 1, 2006.  By signing the motion to reinstate, Bedrije indicated her approval of the terms of the divorce
decree, similar to the appellant in Blankinship,
who signed the trial court=s judgment prior to its entry by the trial court.  Blankinship, 572 S.W.2d at 808.


 

Moreover,
this case is distinguishable from Stubbs in several respects. 
First, unlike the appellant in Stubbs, Bedrije
waived the making of a record.[3]
Cf. Stubbs, 685 S.W.2d at 644 (noting that Ruth Stubbs
Adid
not waive the making of a statement of facts@). 
Further, the appellant in Stubbs signed an agreement incident to
the divorce;[4]
here, Bedrije filed a motion in which she requested
that the trial court finalize the entire divorce decree proven up at the
hearing.  We conclude that, based on the facts of this case, by signing
the motion to reinstate and requesting that the trial court enter the decree, Bedrije signaled her acquiescence to the divorce decree
itself.  Finally, because Bedrije filed the
motion to reinstate after the hearing resulting in the judgment was
held, she has essentially filed a postjudgment
motion.  Filing a postjudgment motion vitiates a
party=s right to a restricted appeal. 
See Tex. R. Civ. P. 30 (AA party who did not participate . . .
in the hearing that resulted in the judgment complained of and who did not
timely file a postjudgment motion . . . may file
a notice of appeal within the time permitted by Rule 26.1(c).@ (emphasis added)); see also Reyna
v. Elizondo, No. 14-05-00622-CV, 2006 WL 1675380
(Tex. App.CHouston
[14th Dist.] June 20, 2006, no pet.) (mem. op.).

In sum, Bedrije signed a waiver of citation, entering her appearance
for all purposes.  She also waived the making of a reporter=s record.  Although she was not
present at the hearing in which the divorce decree was proven up, she indicated
her approval of it by signing an agreed motion to reinstate after the hearing
was held and requesting entry of the very judgment of which she now
complains.  Under these circumstances, we conclude that Bedrije participated in the hearing resulting in the
divorce decree.  See Blakinship, 572 S.W.2d at 808. 

IV.  Conclusion

 

Bedrije has not met the jurisdictional requirements for a restricted
appeal because she participated in the hearing that resulted in the
judgment.  Because we lack jurisdiction over this restricted appeal, we
must dismiss it.  We therefore do not reach Bedrije=s other issues or her motion for
sanctions.

 

 

/s/        Eva M.
Guzman

Justice

 

 

 

Panel consists of Chief Justice
Hedges and Justices Guzman and Brown. 

 

 














[1]  A citizen of Kosovo was named to hold this
property in trust for the benefit of Floyd.





[2]  The divorce decree indicates that the trial
court heard the case on September 1, 2006. 





[3]  Bedrije asserts that,
because her mailing address is not included in the waiver of citation, error is
apparent on the face of the record. Although we agree that this waiver does not
comport with Texas Rule of Civil Procedure 119, we do not reach the issue of
whether error is apparent on the face of the record because we conclude that Bedrije participated in the hearing resulting in the
judgment. 





[4]  Id. 
(ABernald
and Ruth Stubbs signed an agreement incident to divorce prepared by Bernald=s attorney.@).