Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-08-00643-CV

**IN THE INTEREST OF A.C.R.** and J.A.R.

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-03285
Honorable Peter A. Sakai, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:   April 15, 2009

DISMISSED FOR LACK OF JURISDICTION

In this restricted appeal from the trial court's Order in Suit Affecting the Parent-Child Relationship ("the Order") appellant raises two issues: (1) her signature on the Order was not sufficient to constitute "participation" in the underlying hearing and (2) there is error on the face of the record because no record was made of the underlying hearing. We conclude the first issue is dispositive; therefore, we address only that issue. *See* TEX. R. APP. P. 47.1. Because appellant is precluded from obtaining review in this court by restricted appeal, we dismiss for lack of jurisdiction.

**DISCUSSION**

To be entitled to a restricted appeal, appellant must establish that: (1) she filed a notice of restricted appeal within six months after the Order was signed; (2) she was a party to the underlying suit; (3) she did not participate in the hearing that resulted in the Order and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The extent of participation sufficient to disqualify a party from entitlement to a restricted appeal is a matter of degree. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985). On appeal, appellant contends she did not "participate" in the hearing that resulted in the Order because she did not receive notice of citation, did not waive citation, and she signed the Order prior to the hearing. The Order's recitation that appellant made a general appearance and that "[a]ll persons entitled to citation were properly cited" contradicts appellant's contention that she did not receive notice of citation. Although appellant may have signed the Order prior to the hearing, she "approved and consented to [the Order] as to both form and substance," therefore, we presume she read the Order and had knowledge of its contents prior to its entry. *See Blankinship v. Blankinship*, 572 S.W.2d 807, 808 (Tex. Civ. App.—Houston [14th Dist.] 1978, no writ); *see also Kisinger v. Kisinger*, 748 S.W.2d 2, 4 (Tex. App.—Houston [14th Dist.] 1987, no writ) ("deeming it significant that there is nothing in the order itself or elsewhere in the record which indicates that it was an agreed order or that appellant 'approved' it other than appellant's signature standing alone."). As such, appellant was not in "the position of those who 'discover that a judgment has been rendered against them after judgment has been rendered.'" *Blankinship*, 572 S.W.2d at 808 (quoting *Lawyers Lloyds of Tx. v.*

*Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097-98 (1941)).  On this record, we conclude appellant sufficiently participated in the underlying hearing; therefore, she is not entitled to a restricted appeal.[1]

## CONCLUSION

We overrule appellant's issues on appeal and dismiss the appeal for lack of jurisdiction.


Sandee Bryan Marion, Justice

---

[1] Even if appellant proved herself entitled to a restricted appeal, she raises no complaint on appeal about the trial court's Order.  Therefore, with no basis on which to find harmful error, we could not reverse the Order and remand to the trial court.