

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00363-CV

ROCKY F. ANDERSON                                                       APPELLANT

V.

CHRISTINA S. ANDERSON                                                    APPELLEE

----------

### FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 14-04599-16

----------

## MEMORANDUM OPINION[1]

----------

Appellant Rocky F. Anderson brought a restricted appeal. Appellee Christina S. Anderson filed a motion in which she asserted this court lacked jurisdiction because Appellant participated at the hearing that resulted in the divorce judgment. After considering Appellee's motion and Appellant's response thereto, we grant her motion and dismiss the appeal for want of jurisdiction.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

Appellee filed a petition for divorce, and Appellant responded by filing a "Waiver of Service." Within the waiver, Appellant wrote: "I request the Court not to enter any orders or judgment not signed by me or without my receiving prior written notice of the date, time, and place of any proceedings."

Thereafter, Appellee appeared for a prove-up hearing and presented an "Agreed Final Decree of Divorce." Neither Appellant nor an attorney on his behalf appeared. However, the last page of the "Agreed Final Decree of Divorce" contains the following:

> APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:
>
> /S/ Christina S. Anderson
> Petitioner, Christina S. Anderson
>
> /S/ Rocky F. Anderson
> Respondent, Rocky F. Anderson

During the prove-up hearing, Appellee and the trial judge engaged in the following dialogue:

> THE COURT: Okay. I do note that Mr. Anderson has filed a waiver with the Court indicating that he does – that the Court has not entered any judgments or orders not signed by him.
>
> Let me ask you, ma'am, on the last page of this document there's a signature line that says Respondent, Rocky F. Anderson.
>
> Is that his signature as you know it to be?
>
> THE WITNESS: Yes, ma'am.
>
> THE COURT: Mr. Anderson wasn't represented by anyone?

MS. MUELLER: That's right.

THE COURT: I have reviewed the decree and heard the testimony of Christina Anderson, and I find it is in the best interest of the child, as well as a fair and equitable division of the community estate, and I will grant the divorce and sign it as of August 21st, 2014.

The trial judge proceeded to sign the "Agreed Final Decree of Divorce" on August 21, 2014.

On November 12, 2014, Appellant filed a "Notice of Restricted Appeal." On November 13, 2014, this court sent Appellant a letter questioning whether it had jurisdiction; the court questioned whether Appellant's signature on the "Agreed Final Decree of Divorce" constituted participation for purposes of a restricted appeal. Appellant filed a response on November 24, 2014, in which he asserted this court had jurisdiction, and on November 25, 2014, this court sent a letter stating it had considered Appellant's response and would allow the appeal to continue. The court did so, however, without the benefit of the record. On December 1, 2014, the reporter's record was filed, and on December 15, 2014, the clerk's record was filed.

On December 17, 2014, Appellee filed a "Motion with Brief in Support to Reconsider Jurisdiction." Appellant filed a response on December 31, 2014, and Appellee filed a reply on January 5, 2015.

**Discussion**

Rule 30 of the Texas Rules of Appellate Procedure, which governs restricted appeals, provides:

3

> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

Tex. R. App. P. 30.

Courts construe liberally the nonparticipation requirement for restricted appeals in favor of the right to appeal. *Pike-Grant v. Grant*, 447 S.W.3d 884 (Tex. 2014). The question before the court is whether Appellant participated in the hearing that resulted in the judgment complained of. It is undisputed Appellant did not appear in person or though counsel. The question, however, is not whether he appeared; the question is whether he participated. It is also undisputed Appellant signed a "Waiver of Citation" in which he asked the judge not to sign any judgment unless he had signed it first. The record shows Appellant signed the "Agreed Final Decree of Divorce" before the prove-up hearing, and it further shows the trial judge was aware of both Appellant's waiver and Appellant's signature on the judgment before the trial judge herself ruled and signed the judgment.

The Supreme Court of Texas, relying on the statutory predecessor to rule 30, has written that participation is a matter of degree. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985). The court ruled that signing a waiver of citation and an agreement incident to divorce were not sufficient acts to constitute

4

participation in the actual trial. *Id.* However, the supreme court cited with approval another case in which the appellant had waived citation, waived the making of a statement of facts, and signed the divorce judgment itself and in which the court concluded those acts were sufficient participation to preclude jurisdiction. *Id.* (citing *Blankinship v. Blankinship*, 572 S.W.2d 807 (Tex. Civ. App.—Houston [14th Dist.] 1978, no writ)). Appellant signed a waiver of citation and the divorce decree itself, which places Appellant in a procedural posture more like the appellant in *Blankinship* than the one in *Stubbs*. We hold that Appellant, by signing the waiver of citation and the divorce decree itself participated in the hearing that resulted in the judgment about which he complains. *See Blankinship*, 572 S.W.2d at 807–08; *see also McNeely v. McNeely*, No. 11-02-00036-CV, 2003 WL 187573, at *1–2 (Tex. App.—Eastland 2003, pet. denied); *Clopton v. Pak*, 66 S.W.3d 513, 516 (Tex. App.—Fort Worth 2001, pet. denied) (ruling that although neither appellants nor their attorney attended the hearing that resulted in the final order, appellants' attorney's signing the joint motion to dismiss their claims with prejudice, which the trial court granted, constituted participation).

Appellant contends divorce proceedings are different because the trial court is not bound by the parties' agreements. We disagree. Both *Blankinship* and *McNeely* were divorce proceedings. *McNeely*, 2003 WL 187573, at *1; *Blankinship*, 572 S.W.2d at 807. Furthermore, the trial court complied with the parties' agreement and did so only after expressly verifying that Appellant, as

evidenced by his signature, agreed to the proposed judgment. *Cf. Cox v. Cox*, 298 S.W.3d 726, 730–31 (Tex. App.—Austin 2009, no pet.) (noting final divorce decree varied from written settlement agreement and holding appellant met nonparticipation requirement). Because Appellant was familiar with the contents of the divorce decree before its entry by the trial court, Appellant was required to pursue a regular appeal. *See Blankinship*, 572 S.W.2d at 808.

## Conclusion

We grant Appellee's motion to reconsider and dismiss Appellant's appeal for want of jurisdiction. *See Clopton*, 66 S.W.3d at 517 (dismissing the appeal for want of jurisdiction).[2]

PER CURIAM

PANEL: GARDNER, J.; LIVINGSTON, C.J.; and WALKER, J.

DELIVERED: January 29, 2015

---

[2]The Eastland Court of Appeals in *McNeely* treated the appellant's participation as a basis for affirming the trial court's judgment as distinguished from a basis for dismissing the appeal for want of jurisdiction. *McNeely*, 2003 WL 187573, at *2.