

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00066-CV

IN THE MATTER OF THE MARRIAGE OF EVA LOU HOLLAND JOYNER AND
THOMAS STEPHENS JOYNER

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. 40,027

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

This is a restricted appeal from a final decree of divorce between appellant Thomas and appellee Eva Lou Holland Joyner. Thomas Stevens Joyner contends that there is error on the face of the record in that (1) he was not served with the original divorce petition and did not waive service and (2) the trial court improperly granted Eva relief that she had not prayed for in her pleadings. Having determined that Thomas has not met the requirements necessary to proceed with a restricted appeal, we find we lack jurisdiction to address his complaints and, therefore, dismiss his appeal.

## I.   Background

Eva and Thomas were married on September 11, 2005. On December 11, 2017, Eva filed an original petition for divorce. In her petition, Eva stated, "No service on [Thomas] is necessary at this time."[1] She also averred, "Petitioner and Respondent have entered into an agreement dividing all their property. Petitioner requests the court to enter that Agreed Decree." On January 10, 2018, Thomas filed an untitled document, stating, "I, [Thomas] agree that I have a property agreement with [Eva] and I have also signed that agreement at the same time I am signing this paper. I agree that the case can be finalized with the agreement we have."

On February 9, 2018, the trial court entered an agreed final decree of divorce, which stated that Thomas had "made a general appearance and ha[d] agreed to the terms of this judgment to the extent permitted by law, as evidenced by [his] signature." It also stated that the parties waived "[t]he making of a record" "with the consent of the court" and that "all persons entitled to citation

---

[1]In her prayer for relief, Eva asked that citation and notice be issued as required by law.

2

were properly cited." In addition to the division of the parties' property, the trial court ordered Thomas to pay Eva spousal support in the amount of $1,400.00 per month.[2] The final decree also stated,

> Petitioner, [Eva], and Respondent, [Thomas], each acknowledge that before signing this Final Decree of Divorce they have read this Final Decree of Divorce fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Final Decree of Divorce constitute a full and complete resolution of this case. [Eva] and [Thomas] acknowledge that they have voluntarily affixed their signatures to this Final Decree of Divorce, believing this agreement to be a just and right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Final Decree of Divorce.

The decree contained both parties' signatures, indicating they "APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE[.]" On April 9, 2018, Eva filed a petition for enforcement of court-ordered spousal maintenance, alleging that Thomas had failed to make a payment that had been due on April 1, 2018. On August 7, 2018, Thomas filed this restricted appeal, maintaining that, because he never received service of process or signed a valid waiver of service, the trial court was without jurisdiction to enter the agreed final divorce decree.

## II.    Discussion

### A.    THOMAS's Participation in the Underlying Proceedings

The Texas Supreme Court has summarized the elements of a restricted appeal as follows:

A party can prevail in a restricted appeal only if:

> (1) it filed a notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying

---

[2]Thomas was ordered to make spousal maintenance payments to Eva until the earliest of one of the following events: (1) January 1, 2023, (2) the death of either party, (3) the remarriage of Eva, or (4) further orders of the court.

3

> lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam); *see* TEX. R. APP. P. 26.1(c). "These requirements are jurisdictional and will cut off a party's right to seek relief by way of restricted appeal if they are not met." *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied).

The "face of the record" for purposes of a restricted appeal consists of all the papers before the trial court at the time the judgment was rendered. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). Thus, the scope of our review is the same as with an ordinary appeal. *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 559 (Tex. App.—Austin 2004, no pet.). However, the standard of review is more restrictive in this instance in that an appellate court does not draw any inferences or presumptions from the record, but looks only to the face of the record. *Quaestro Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999) (per curium). "[A] restricted appeal requires error that is *apparent*, not error that may be *inferred*." *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (per curiam).

In 1941, the Texas Supreme Court explained the purpose of a writ of error, which is now referred to as a restricted appeal.[3]

> The legislative purpose was to take away the right of appeal by writ of error from those who should reasonably use the more speedy method of appeal. Those who participate in the trial leading up to the rendition of judgment are familiar with the

---

[3]Rule 30 of the Texas Rules of Appellate Procedure states, in part, "Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals." TEX. R. APP. P. 30.

record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so participate in the actual trial, and are therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record.

*Lawyers Lloyds of Tex. v. Webb*, 152 S.W.2d 1096, 1098 (Tex. 1941).

Thomas contends that the sole issue before this Court is whether error is apparent on the face of the record. We disagree. Thomas is also required to show that he did not participate in the proceeding resulting in the agreed final divorce decree.[4] In 1996, the Texas Supreme Court explained "participation" necessary to support an appeal by writ of error:

An appeal by writ of error is typically an appeal of a default judgment, in which participation is rarely a disputed issue. The question becomes more difficult when a party participates in some but not all of the proceedings in the trial court. The nature and extent of participation that precludes appeal by writ of error in any particular case is a matter of degree because trial courts decide cases in a wide variety of procedural settings. . . . As some courts have aptly phrased it, the question is whether the appellant has participated in "the decision-making event" that results in judgment adjudicating the appellant's rights.

*Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 589–90 (Tex. 1996) (citations omitted).

In *Blankinship v. Blankinship*, 572 S.W.2d 807, 808 (Tex. Civ. App.—Houston [14th Dist.] 1978, no writ), husband executed a waiver of citation which indicated that he was entering an appearance for all purposes and waiving the making of a record of testimony. Husband also indicated his approval of the divorce decree by signing it before its entry by the trial court. The

---

[4]Eva does not complain of the timeliness of Thomas' restricted appeal or that Thomas was a party to the underlying lawsuit.

5

Houston Court of Appeals determined that the husband had sufficiently participated in the proceedings so as to preclude his writ of error on appeal.[5]  *Id.*

Unlike the facts in *Blankinship*, here, Thomas contends that the divorce decree was entered without either service of process or a valid waiver of service.  The record before us, however, demonstrates otherwise.  As evidenced by his signature on the final decree of divorce,[6] Thomas agreed to the trial court's finding that "[a]ll persons entitled to citation were properly cited."  He also agreed that he had made a general appearance and to the terms of the judgment, "as evidenced by [his] signature."  Further, Thomas agreed to waive the making of a record of testimony.  The record also shows that both parties agreed to the contents of the decree by virtue of approving it as to both form and substance.

In addition, Thomas' signature on the decree shows he was familiar with the trial court's findings and conclusions even before the entry of the judgment and that he was sufficiently familiar with the issues in the proceedings to enable him to file an immediate direct appeal if he so desired. Thomas contends, however, that he did not sign the agreed final decree of divorce.[7]  Yet, there is nothing in the record to support his assertion.  We may not draw inferences or presumptions from the record, but must look to the face of the record only.  *See Quaestro*, 997 S.W.2d at 227.  Because the decree contains Thomas' purported signature, that issue cannot be addressed in this restricted appeal.

---

[5]*See also Hamond v. Hamond*, 688 S.W.2d 690, 693 (Tex. App.—Beaumont 1985, writ dism'd).

[6]Thomas also initialed each page of the agreed divorce decree.

[7]Thomas states that he became aware of the decree after Eva filed a petition to enforce spousal maintenance.

Also contained in the record is a document that includes a signature purported to belong to Thomas. The document identifies the parties, the correct trial court cause number, and the correct court and county in which Eva filed her petition for divorce. Although the body of the document is brief, it contains references to a signed property agreement and a request that the trial court finalize the divorce in accordance with that agreement. Whether this document can be considered as an answer to Eva's petition is not, in and of itself, determinative of the issue before this Court. It is, however, further evidence that Thomas participated in the proceeding that resulted in the complained-of judgment.

Here, although the record clearly shows that Thomas did not appear at the final hearing that culminated in the agreed final divorce decree, he nonetheless participated in the decision-making process that produced the final judgment. He is therefore barred from proceeding by way of a restricted appeal. *See Lewis v. Beaver*, 588 S.W.2d 685, 687 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.).[8]

### B.    Eva's Request for Attorney Fees

In her responsive brief, Eva contends that Thomas' appeal is frivolous, and she requests monetary sanctions. Rule 45 of the Texas Rules of Appellate Procedure permits an appellate court to award the prevailing party "just damages" for filing a "frivolous" appeal. TEX. R. APP. P. 45.[9]

---

[8]Because Thomas participated in the proceeding that resulted in the divorce decree, he is also prohibited from complaining of the trial court's award of spousal maintenance by way of restricted appeal.

[9]Rule 45 states,

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing

7

In determining whether an appeal is frivolous, an appellate court applies an objective test. *Smith v. Brown*, 51 S.W.3d 376, 380 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). We must review "the record from the viewpoint of the advocate and decide whether he had reasonable grounds to believe the case could be reversed." *Id.* (citing *Bradt v. West*, 892 S.W.2d 56, 78 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (awarding damages because the appellants had no reasonable ground to believe the case would be reversed and "the appeal was not taken in good faith.")). In doing so, we must "exercise prudence and caution and use careful deliberation." *Id.*

In this case, although Thomas' restricted appeal lacks merit, we decline to conclude that it was objectively frivolous. We, therefore, deny Eva's request for attorney fees.

## III. Conclusion

Thomas has not met the jurisdictional requirements to proceed with a restricted appeal. Because we lack jurisdiction over this restricted appeal, we must dismiss it.

We dismiss the appeal for want of jurisdiction.

Ralph K. Burgess
Justice

Date Submitted: December 3, 2018
Date Decided: December 14, 2018

---

party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals. TEX. R. APP. P. 45.