**AFFIRMED and Opinion Filed October 25, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00089-CR**

**RARES MIHAI HALMAGEAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-83388-2017**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Schenck
Opinion by Chief Justice Burns

In 2018, Rares Mihai Halmagean entered open guilty pleas to ten counts of possession of child pornography. The trial court found appellant guilty of counts I through V orally assessed punishment at seven and a half years confinement. In counts VI through X, the trial court placed appellant on deferred adjudication for ten years, to be served consecutively.

On appeal, appellant's attorney filed a brief in which he concludes the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California.* 386 U.S. 738 (1967); *see Murphy v. State*, 111 S.W.3d 846, 849 (Tex. App.—Dallas 2003, no pet.). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 572 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978).

Counsel delivered a copy of the brief to appellant. After we advised appellant of his right to file a pro se response, he filed a motion to extend time to file his pro se response. We granted appellant's motion for extension of time, ordering the response be filed by June 24, 2019. We advised appellant that failure to file a pro se response by that date would result in the case being submitted on the *Anders* brief alone. Appellant did not file a response.

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. However, we do note that while the judgment assesses punishment at seven years and six months the trial court orally pronounced the sentence at seven and a half years. When there is a variation between oral pronouncement and written memorialization, the oral pronouncement controls. *Coffey v.* State, 979 S.W.2d 326, 328. (Tex. Crim. App. 1998). Additionally, this Court has the independent authority to reform the judgment, and appellate courts frequently reform judgments to correct improper recitations relating to punishment. *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas, 1991, pet. ref'd). Therefore, we affirm the judgment of the trial court.

/Robert D.Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190089F.U05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

RARES MIHAI HALMAGEAN, Appellant

No. 05-19-00089-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-83388-2017.
Opinion delivered by Chief Justice Burns. Justices Whitehill and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 25, 2019.